HARVEY vs. THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.
2. The law requires tippling houses to be closed on the Sabbath day; if the whole house is used for tippling purposes, it must all be closed; if a part only is so used, that part must be closed. Where a part of a tippling house was used as a bed-room, and between that part and the saloon there was an open way, unclosed by a door or otherwise, keeping open a door for ingress and egress to and from the part used as a bed-room, on the Sabbath day, would amount to a violation of the statute.

Criminal law.   New trial.   Before Judge BUTT.   Talbot Superior Court   March Term, 1880.

Reported in the decision.

J. M. MATHEWS; J. H. MARTIN; WILLIS & WILLIS; J. H. WORRILL, for plaintiff in error.

H. BUSSEY, solicitor-general, by JOHN PEABODY, for the state.

CRAWFORD, Justice.

Harvey was indicted for keeping open a tippling house on the twelfth day of August, 1877, the same being the Sabbath day.

Upon the trial he was found guilty, and for errors which he claims to have been committed, he moved that the verdict be set aside and a new trial granted.

The principal grounds of error alleged and insisted upon are, that the evidence was insufficient to support the verdict, and that the court erred in its charge to the jury.

1. Then as to the evidence—that Harvey kept a tippling house, was established by all the witnesses; that he was a single man and occupied the back part of the room or house to sleep in, was also established; that there was no partition between the front and back part of the room

except of lattice work, and through this there was a door without any shutter, and which made an open and unob- structed way to that end of the room where the liquors were vended and drank, was also established; that there was a back door at the rear end of the house, was also established.

The foregoing facts being undisputed, leaves but a single question remaining—was that door shown to have been open on the twelfth day of August, 1877, the same being the Sabbath, or on any other Sabbath day within two years theretofore?

C. M. Bethune swears that he had seen the back door of this tippling house open on the Sabbath day—that he went before the grand jury at the September term, 1877, and to the best of his recollection it was less than two years before that time.

T. C. Belyou swears that he went to that back door on Sunday and went in—it was to his best recollection within two years of the time he went before the grand jury, in September, 1877.

W. A. Daniel swears that he has seen that house open on the Sabbath day. He says: "I went before the grand jury at the September term, 1877. I saw the back door of Harvey's open on Sunday of that year, and before I went before the grand jury. I went in, and there might have been others in; do not now recollect."

This is the testimony submitted to the jury on the trial, as to the door being open on Sunday, and the only quali- fication shown is that the witnesses swore according to the best of their recollection, which is all that any upright man can do in giving in his testimony. A jury of the vicinage believed that the charge was true, and that the witnesses were not mistaken. Our opinion is that the proof authorized the verdict.

2. The error complained in the charge of the court is as follows: "If the door of the tippling house was kept open on the Sabbath day, so that persons had ingress and

egress thereto, and persons did go in and out on such days, and if the back room was kept for a sleeping room, and there was a partition between sleeping room and grocery where the liquors were kept, with a door without a shutter, so that persons could pass from one to the other, then he would be guilty of keeping open on the Sabbath day."

We think that the foregoing charge is without legal objection.    A tippling house may be used for a sleeping room, or any other lawful purpose.    It may be kept open night and day during the week, but on the Sabbath day the law says that it must be closed.    How?    Absolutely closed, the front, sides, and rear of that part or room which is used for tippling purposes.    It makes no difference as to whether any liquors be sold or not, the offense consists in its being open, not in selling, or offering to sell, or giving it away.    The law is of force as well at the back as at the front door; it surrounds such a house, if the whole be used for such a purpose; and if only one room, then that room, and commands that all its doors be closed. Nor will an open, unobstructed approach to it make it lawful because that approach may be through a bed-room.

Judgment affirmed.