HUSSEY *vs.* THE STATE OF GEORGIA.

1. The facts and law in this state demand the verdict.

(*a.*) It makes no difference in law whether a place be called a bar-room, a glee-club, a parlor, or a restaurant ; if it be a place where liquor is retailed and tippled on the Sabbath day, with a door for entrance, so that anybody can push it open, enter and drink, the proprietor is guilty of keeping open a tippling house on Sunday. Nor does it matter whether the drinking be done standing or sitting, whether at the bar or around a table.   In either event it is tippling, and the place where it is done is a tippling house.

2. Where the evidence demands the verdict, inaccuracies or even errors of the court, unless of very material gravity, will not require a new trial.

3. There are no material errors in this case, if any at all.

(*a.*) Where an indictment alleged that the defendant kept a tippling house open on Sunday, in a certain county, it was unnecessary to state the particular location.

4. Under an indictment for keeping open a tippling house on Sunday, evidence that liquor was procured and drunk at the place on that day was admissible.

5. The defendant occupied one floor of a house.   In the front room he had his office on one side and a bar on the other.   In the rear room was a restaurant, and there was a door between the two rooms.   The door on the street, which furnished access to the front room, was so kept that a visitor had only to push it in order to pass into the front room, and through it into the restaurant. The counter where drinking was ordinarily done was covered and

concealed on Sunday by a canvas reaching from the ceiling to the floor, on which appeared the announcement, "Bar closed." Visitors passed into the restaurant, and liquor was there furnished to them and drunk :

*Held*, that it makes no difference whether the bar was open or hid, if liquor was retailed in the restaurant and the tippling was done there ; and a charge to that effect was not error.

6. Nor does it matter whether the door for entrance was open or shut, if it was so kept that any one could push it and enter to drink and tipple.

(*a*.) The court did not intimate any opinion on the facts.

7. While it may be omitted, it is not error for the court to inform the jury that the grand jury have presented a defendant in a criminal case, and that there is no prosecutor, such being the fact. We know of no reason which would prohibit the court from telling the jury the nature of the accusation and how it came before them.

8. While, perhaps, the court should have said nothing about a recomdation to mercy, there was no such error in what he did say as to require a new trial.

9. The sentence is not severe for the offence. The recommendation of the jury seems to have been of service to the defendant, and he has no right to complain.

January 30, 1883.

Criminal Law. Before Judge TOMPKINS. Chatham Superior Court. June Term, 1882.

Hussey was presented by the grand jury for keeping open a tippling house on Sunday. The presentment charged " that the said George W. Hussey, in the county of Chatham, state of Georgia, aforesaid, on the twenty-fifth day of December, 1881, did unlawfully keep an open tippling house on the Sabbath day." Defendant moved to quash the presentment, because the location of the alleged tippling house was not stated. The motion was overruled. The evidence showed, in brief, the following facts : Defendant kept a restaurant and bar, and had a number of boarders who took their meals regularly at the restaurant. On the ground floor of the building there were two rooms ; the first one having an office, cigar stand and bar room in it, and the rear room being used

as a restaurant.   The front entrance was closed by swinging doors, which yielded to pressure.   On entering, the office and cigar-stand were on one side, the bar on the other.   Between the two was an open way through which people passed into the restaurant, the other entrance to which was an alley.   On the Sunday in question, the bar was closed by having canvas stretched from the ceiling to the floor, hiding the bar and the liquors and having upon it the announcement, "Bar closed."   People, however, passed through the front room to the restaurant, and were there served with liquors by waiters, they having gone there for that purpose alone, and not for the purpose of eating.   The liquor was handed into the restaurant through a window between it and the bar, and behind the curtain.

The jury found the defendant guilty, and recommended him to the extreme clemency of the court.   The presiding judge sentenced him to pay $300.00 fine and costs, or to be imprisoned for six months.   He moved for a trial on the following, among other grounds:

(1.) Because the court refused to quash the presentment.

(2.) Because the court admitted evidence to show that liquor was furnished on the day charged to people in the dining room or restaurant, the objection being that this was irrelevant.

(3.) Because the court charged as follows:  " The issue in this case is made upon a special presentment by the grand jury, and not upon a true bill preferred by any prosecutor.   It is not a case of one man against another, but of the state of Georgia against the accused, which case the grand jury have seen proper to make against the defendant."

(4.) Because the court charged as follows:  "If the house is shown by the evidence to be a tippling house, and was, on the Sunday alleged in the indictment, kept in such condition that people could come in or go out freely,

so that it afforded free ingress and egress to all who chose to go in and come out, it did not matter whether the doors were closed or kept open."

(5.) Because the court charged as follows: "Selling liquor on Sunday, or at any time, is not the gravamen of the charge. But the court let the evidence of the sale of liquor go in, in order that you might take that with the other evidence to ascertain if the place alleged to have been opened on Sunday, was, or was not, a tippling house."

(6.) Because the court charged as follows: "The offence is a misdemeanor, and the law does not provide for any recommendation to mercy being made by the jury, as it does in felonies; but I do not preclude you from making the recommendation, if you see proper to do so, though it is unnecessary."

(7.) Because after the jury had made such recommendation, the court sentenced defendant to pay a fine of $300.00 or undergo six months imprisonment.

The motion was overruled, and defendant excepted.

S. YATES LEVY; J. R. SAUSSY, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

JACKSON, Chief Justice.

The defendant was indicted for, and found guilty of, the offence of keeping open a tippling house on the Sabbath day. His motion for a new trial having been denied by the court below, the case is brought here on errors assigned on all the grounds of the motion.

1. There is no room, at all, for doubt as to his guilt. It is the strongest case, of the sort, ever brought to this court within our knowledge and recollection, and no matter how many trials he might have, the facts and law absolutely demand the verdict of guilty, and such it would be unless both facts and law were outraged by the jury

and their oaths violated. He occupied a floor, in the front room of which he had his office on one side and bar on the other, and the rear room of which was a restaurant with an open door between them. In the rear, or restaurant room, the liquors were served to a number of gentlemen at one time during that Sunday, and to another by himself later in the same day. Neither wanted, or got, a mouthful to eat; all went for drinks, and got them; some whisky, others beer. They did not drink at the bar, but sat at tables, where the liquor was served. The door on the street, through the bar and office room into the restaurant, was kept open to the extent that any visitor had only to push it and go in and tipple in the restaurant. The counter, where on other days drinking could be done, was covered by canvas from the ceiling to the floor, so as to be invisible itself, and to conceal the bottles on shelves behind, and on it in brazen letters was the announcement, " Bar closed," and all the drinking was carried on in the rear and restaurant room. This fact, that the ostrich thus hid his head in the sand, and thereby imagined that his body was all covered too, is absolutely assigned as the legal reason why he was not visible to the keen eye of the law, which penetrates and despises all subterfuge and deceit! But one witness, though the canvas tried to hide the bird's head, actually did see poked out through a sort of aperture or window, the bill or beak which let out the liquor from the bar to servants in the restaurant. So that the foolish bird did not even keep all his head hid all the time!

It makes no difference in law whether the place be called a bar room, or a glee club resort, or a parlor, or a restaurant, if it be a place where liquor is retailed and tippled on the Sabbath day, with a door to get into it, so kept that anybody can push it open and go in and drink, the proprietor of it is guilty of keeping open a tippling house on Sunday. It makes no difference if the drinking be done standing or sitting—at a bar or around a table—

it is tippling, and the place where it is done is a tippling house; and if anybody wishing to drink can have access thereto—if ingress and egress be free to all comers—it is a tippling house kept open on Sunday. *Minor vs. The State*, 63 *Ga.*, 318. *Harvey vs. The State*, 65 *Ga.*, 568.

. 2. Where, as in this case, the evidence demands the verdict, inaccuracies, or even errors of the court, unless of very material gravity, will not require a new trial. 42 *Ga.*, 308, 609; 14 *Id.*, 55; 34 *Id.*, 263; 45 *Id.*, 190.

3. In this case there are no serious errors, if any at all. It certainly was right to overrule the demurrer to the indictment. It alleged that the offence was in Chatham county, and the particular location of the house was unnecessary. *Dohme vs. The State*, not yet reported.

4. It was right to admit evidence that the drinking was done in the place, to show that it was a tippling house.

5. It was right to tell the jury that it made no difference in law whether the bar was open or hid, if the liquor was retailed in the restaurant and the tippling was done there.

6. It was right to tell the jury that it made no difference in law whether the door was open or shut, if it was so kept that anybody could push it and go in and drink and tipple. In the language used by the court, we fail to see any expression or intimation of an opinion as to the evidence, what it was. The legal effect of it is proper for the court to tell the jury, leaving it to them to judge of the law just as the judge did. See charge at the head of this opinion, in the report.

7. It was not wrong to tell the jury that the grand jury had presented the defendant, and there was no prosecutor. It might have been omitted, but we know of no reason why the court should not tell the jury the nature of the accusation, and how the charge got into court.

8. Perhaps the judge should have said nothing about a recommendation to mercy at all; but there is certainly

v 69—5

no such error in what he did say, as to require a new trial. He told them, in effect, that it was a case not pun-ishable by confinement in the penitentiary, and not one where they would be authorized to recommend to mercy, but he did not forbid them to do so, though it was un-necessary.

9. The sentence is not severe for the offence. The recommendation seems to have done service to the defendant. He ought not to complain of it.

On the whole, we repeat, that the case is wholly without excuse or the pretence of palliation. The very fact of the effort to hide the bar and the liquor shelves, and yet keep the restaurant room open for tippling, shows the consciousness of knowing that the law was being violated, and that some attempt was necessary to keep it dark, and to shut out the light. But "the way of the transgressor is hard," and sooner or later light will be let in upon his dark places, and exposure and punishment will follow.

Judgment affirmed.