## O'NEIL *v.* THE STATE.

1. There was no error in overruling the demurrers to the indictment.
2. The evidence was sufficient to authorize the verdict.

Argued December 15, 1902.—Decided January 8, 1903.

Indictment for keeping open a tippling-house on Sunday. Before Judge Henry. Walker superior court. November 6, 1902.

*Copeland & Jackson, R. M. W. Glenn,* and *Murray, Murray & Peak,* for plaintiff in error.
*Moses Wright, solicitor-general,* and *John W. Bale,* contra.

SIMMONS, C. J. Mrs. O'Neil was indicted for a misdemeanor, for that she on a named day " did unlawfully keep open a tippling-house, said 1st day of June, 1902, being the Sabbath day; said tippling-house being located near the post-office of Lytle, Ga., in said county, and being a house in which intoxicating, vinous, spirituous, and malt liquors were drunk on said Sabbath day," etc. To this indictment the accused demurred on the ground that the. indictment set forth no facts to show that the house kept open was a tippling-house; that there was no charge that intoxicants were ever sold by retail and drunk on the premises at any times other than on the Sabbath day, or that intoxicants were ever sold and

drunk at the place by any person at any time; and that a house where intoxicants are not "sold and drunk or sold or used for selling intoxicants is not a tippling-house." These demurrers were overruled by the trial judge, and exception is taken to this ruling.

1. Conceding that drinking intoxicants in the house on the day named only was not sufficient in law to make it a tippling-house, we still think the indictment was good. The indictment characterized as a "tippling-house" the place which the accused was charged with keeping open, and this characterization was not limited or restricted by the addition of the statement that this was a house in which intoxicants were sold on the Sabbath day in question. This latter allegation was intended, not to characterize the house generally and show that it was a tippling-house, but as an allegation that in this tippling-house intoxicants were drunk on that particular day. The indictment charged expressly that the house was a tippling-house, and no more specific or explanatory allegation was necessary. Having charged that the accused had, in that county and on a named Sabbath day, kept open a tippling-house, the indictment might have stopped. Instead, it further charged that on that day intoxicants were drunk on the premises. This was itself unnecessary (*Harvey* v. *State*, 65 *Ga.* 568), and certainly can not be held to require a still further and equally useless allegation that the intoxicants were sold on that day.

2. The accused was shown to have been employed in a club-house in which intoxicants were drunk on and before the day named in the indictment, that day being the Sabbath. The evidence did not show that the accused actually opened the doors of the building, that she was a member of the club, or that she was financially interested, except that she was employed by the members of the club. It did show that she was employed to look after the affairs of the club and "keep tab" on what was going on there, that she was present on the day named in the indictment and regularly before that time, overseeing and directing the dispensing of intoxicants, the servants acting under her orders. The members of the club came and went as they saw fit, but no one appears to have remained regularly in the house except the accused and the servants, and the accused was apparently in charge. This evidence was, we think, sufficient to support the verdict. See *Mohrman* v. *State*, 105 *Ga.* 709. Mrs. O'Neil's case is very different

from that of a servant acting under the orders of an employer who is present directing and supervising him. Nor can it make any difference whatever that she did not perform the physical act of opening the door of the house.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*