716

## 22869.  FANNING v. THE STATE.

DECIDED APRIL 8, 1933.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

MacINTYRE, J.  The indictment in this case charges that Eddie Fanning committed the offense of felony, in that, on August 15, 1931, in Wilkes county, Georgia, at a time when he was lawfully married to Dempie Walton, who was then alive and known to be alive by said Fanning, "did marry another woman, to wit, Mamie Sims." On August 5, 1932, the jury trying the case found the defendant guilty, with a recommendation that he be punished as for a misdemeanor.  The court sentenced the defendant to work on the chain-gang for a term of twelve months, upon condition that he be discharged from custody at any time before the expiration of his sentence by paying a fine of $100, including the costs of court.  The question for determination here is whether or not the trial judge committed reversible error in overruling the defendant's motion for a new trial based upon the general and certain special grounds.

We quote from the brief of evidence as follows: "Here the State introduced without objection record of the marriage of Ed Fanning and Dempie Walton, license issued on 6th day of December, 1902, by the ordinary of Wilkes county, and the certificate of Ralph Griffin, minister of the Gospel, under date of December 9, 1902, in which he certifies that he married Ed Fanning and Dempie Walton

on the 9th day of December, 1902, as found in the Record of Marriages for Colored People, page 486." We quote further from the record as follows: "Here the State introduced in evidence, without objection, record of the marriage of Eddie Fanning and Mamie Sims, under date of August 23, 1930, issued by R. O. Barksdale, ordinary of Wilkes county, and the certificate of R. O. Barksdale, judge, that he did, on the 23d day of August, 1930, marry Eddie Fanning to Mamie Sims; license of the record and the certificate of the judge recorded August 23, 1930; record of this marriage being found in Record of Marriage Licenses to colored people, page 181."

Dillard Darricott testified in part as follows: "I know this woman . . Dempie Fanning. I have known of her living with Eddie Fanning, the defendant in this case, as husband and wife. I know they lived together for about twenty years. This same defendant, Eddie Fanning, is living now with a woman named Mamie Sims. He has been living with her about two years, or maybe longer. . ." Jabe Cofer testified: that he was present when Eddie Fanning and Dempie Walton were married; that he did not know whether Dempie was over fourteen years old when she married, and that he did not know how old Eddie Fanning was and could not say that he was seventeen years old when he was married; that he did not think Dempie "was old enough to have a husband;" that witness knew that Eddie Fanning had not been married before, because he had been knowing him from the time he was a boy; that witness knew that Dempie was not the defendant's stepdaughter; that witness did not know whether "either one of these parties was legally able to contract marriage;" that witness did not know whether the marriage was procured by fraud or not; that so far as witness knew, both of them might have been drunk; and that "I do know that he lived with Dempie some twenty or twenty-five years." Tom Maxwell testified in part as follows: "I know Dempie Fanning. . . I have been knowing Eddie Fanning all my life. . . I know that Eddie Fanning lived with Dempie as husband and wife. They lived together long enough to raise two boys. . . This same Eddie Fanning is now living with another woman, Mamie Sims. I don't think he has been living with Mamie Sims quite two years. I have never heard him say whether he married her. I do know that they have been living together as husband and wife. Since this defendant has been living with Mamie Sims out there,

his wife, Dempie Fanning, has been living with papa. She lived last year with Mr. Cofer. She lives in the same general neighborhood that Eddie Fanning and Mamie live in—in about a half or three-quarters." R. O. Barksdale, ordinary of Wilkes county, testified in substance as follows: "I don't remember Eddie Fanning. My record shows that I married Eddie Fanning and a woman named Mamie Sims. He was married on the 23d of August, 1930, in my office in Wilkes county, Georgia. I performed the ceremony. I issued the license. That (indicating book of marriages) is the record of it. I think this is the same man, but I am not positive. It was Eddie Fanning and Mamie Sims."

"Polygamy, or bigamy, consists in knowingly having a plurality of husbands or wives at the same time." Penal Code (1910), § 367. "To constitute a valid marriage in this State there must be— 1. Parties able to contract. 2. An actual contract. 3. Consummation according to law." Civil Code (1910), § 2930. "To be able to contract marriage, a person must be of sound mind; if a male, at least seventeen years of age, and if a female, at least fourteen years, and laboring under neither of the following disabilities, viz.: 1. Previous marriage undissolved. 2. Nearness of relationship by blood or marriage, as hereinafter explained. 3. Impotency." § 2931. "Marriages between persons related by affinity in the following manner are prohibited, viz.: A man shall not marry his stepmother, or mother-in-law, or daughter-in-law, or stepdaughter, or granddaughter of his wife. A woman shall not marry her corresponding relatives. Marriages within the degrees prohibited by this section are incestuous." § 2932. "To constitute an actual contract of marriage, the parties must be consenting thereto voluntarily, and without any fraud practiced upon either. Drunkenness at the time of marriage, brought about by art or contrivance to induce consent, shall be held a fraud." § 2933. "Marriages of persons unable to contract, or unwilling to contract, or fraudulently induced to contract, are void. The issue of such marriages, before they are annulled and declared void by a competent court, are legitimate. In the latter two cases, however, a subsequent consent and ratification of the marriage, freely and voluntarily made, accompanied by cohabitation as husband and wife, shall render valid the marriage." § 2935. "All the presumptions necessary to make a marriage valid attach on proof of a formal ceremony of marriage and cohabitation

by the parties under the belief that they were lawfully married; and the burden is on those who attack the validity of the marriage, to show its invalidity by clear, distinct, positive, and satisfactory proof. There is in such case a presumption that the parties had capacity to contract marriage and this presumption prevails until overcome by proof." *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702). "In a prosecution for bigamy the State makes out a prima facie case by proving the first marriage, and that while the first spouse was living the defendant contracted a second marriage, knowing that the first marriage had not been dissolved by death or divorce; and the knowledge need not be shown by direct evidence, but may be inferred from circumstances." *Robinson* v. *State,* 6 *Ga. App.* 696 (65 S. E. 792). We are satisfied that in the case at bar the State made out a perfect prima facie case of bigamy, and that none of the evidence offered by the State tended to destroy such prima facie case. The defendant made no statement to the jury and introduced no evidence. Hence the evidence not only warranted the conviction, but demanded it.

Special grounds 1, 2, 3, 4, and 5, respectively, complain that the trial judge, without any request so to do, failed to charge the following sections of the Civil Code (1910) : 2930, 2931, 2932, 2933, and 2935. The last special ground (numbered 6) avers that the trial judge committed reversible error in charging section 369 of the Penal Code (1910), which reads as follows: "Five years absence of the husband or wife, and no information of the fate of such husband or wife, shall be sufficient cause of acquittal of the person indicted under the preceding section; and the issue of such second marriage, born before the commencement of any prosecution for polygamy, or within the ordinary time of gestation thereafter, shall, notwithstanding the invalidity of such marriage, be considered as legitimate." We agree with counsel that the charge last quoted was not applicable to the facts of the case; and it should have been omitted. However, since in the case at bar the defendant introduced no evidence and made no statement to the jury, and the State's evidence demanded the verdict, none of the special grounds discloses reversible error. In *Hussey* v. *State,* 69 *Ga.* 54 (2), the rule is stated as follows: "Where the evidence demands the verdict, inaccuracies or even errors of the court, unless of very material gravity, will not require a new trial." In *Luby* v. *State,* 102 *Ga.*

720

633 (3), 643 (29 S. E. 494), et seq., there is a brief upon the question under consideration. The doctrine was applied in the very recent case of *Hall* v. *State*, 45 *Ga. App.* 519 (2) (165 S. E. 466). In conclusion, we hold that the evidence demanded the verdict, and that none of the special grounds discloses reversible error.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*