## MOSELY vs. THE STATE OF GEORGIA.

To constitute the offence of malicious mischief under our Code, it is
not necessary to prove actual ill-will or resentment towards the owner
or possessor of the property. If the act be done wantonly and
recklessly, or under circumstances which bespeak a mind prompt
and disposed to the commission of mischief, it is sufficient.

Indictment, from Gordon county. Tried before Judge
Trippe, at October Term, 1858.

Henry Mosely, the plaintiff in error, was indicted for
malicious mischief.

Upon the trial, Benjamin A. Rollins, on the part of the
State, testified that four of his cows were shot; he went
up to where defendant lived and asked him if he shot
them; defendant replied that he did shoot them, and he
had plenty of money to pay for them, if they died; that
he shot them with peas, then with small shot, and then
with large shot. There was no ill-will between witness
and defendant, and they were friendly before defendant
shot his cows. When he saw the cows after they were
shot, they were a short distance from the mill where de-
fendant lived; that one of the cows died in eight days
after she was shot, and another died from the effects of
the shooting afterwards.

Mosely vs. the State of Georgia.

The testimony here closed, and the court charged the jury, that it was not necessary that defendant should have entertained ill-will or malice towards the *owner* of the property, or should have intended to injure the owner, to constitute the offense of malicious mischief; that if the jury believe that the defendant shot the cows wantonly and recklessly, the law will presume malice, whether he intended any injury or not.

To this charge defendant excepted.

The jury found the defendant guilty; whereupon his counsel moved for a new trial, upon the grounds:

1st. Because the verdict is contrary to law;

2d. Because the verdict is contrary to evidence and without evidence;

3d. Because the verdict is strongly and decidedly against the weight of evidence;

4th. Because the court erred in its charge to the jury.

The motion for a new trial was overruled, and defendant excepted.

J. W. H. UNDERWOOD and W. F. WOFFORD, for plaintiff in error.

Sol. Gen. JOHNSON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the charge of the court in this case right, namely: that "if the defendant wantonly and recklessly shot the cattle of the prosecutor, the law will imply malice, whether he intended any injury to the owner or not?"

For aught that appears in the evidence, the shooting was without provocation or excuse. Rollins found his cattle shot, near the mill of the defendant; he asked defendant if he did it; he said he did, and that he had a

plenty of money to pay for them if they died. Two of them did die.

To constitute the crime of malicious prosecution under our Code, it is not necessary to prove actual ill-will or resentment towards the owner or possessor of the property; but if the act be done under circumstances which bespeak a mind prompt and disposed to the commission of mischief—or, in the language of the court, "wantonly and recklessly," it is sufficient. Injuries inflicted on personal property in a passion, or under reasonable provocation, stand perhaps upon a different footing.

Judgment affirmed.