## MAY v. THE STATE.

120    497
121    194

1. It is not error to overrule a motion for a mistrial, made on the ground that one of the jurors was allowed to leave the jury-room, it appearing that the juror was wanted as a witness in another case, and that from the time he left the jury-room until he returned he was accompanied by a bailiff, and it not appearing that any harm was done the complaining party.
2. The evidence for the State was sufficient to authorize a conviction.   It was contradicted only by the statement of the accused, which the jury were not bound to believe.   Hence a verdict finding the accused guilty will not be set aside by this court as contrary to the evidence, especially as the trial judge has expressed his approval of the verdict by overruling the motion for a new trial.

Submitted June 21, — Decided July 12, 1904.

Accusation of cruelty to animals.   Before Judge Taliaferro. City court of Sandersville.   May 13, 1904.

*Evans & Evans* and *J. E. Hyman*, for plaintiff in error.
*Gus. H. Howard, solicitor*, contra.

CANDLER, J.   The accused was convicted of the statutory offense of cruelty to animals.   He made a motion for a new trial, which was overruled, and he excepted.

1. Error is assigned on the refusal of the court to grant a mistrial, the motion therefor being on the ground "that the court withdrew from the jury-room; while the jury was considering the case, one of the jurors empaneled and sworn in said case, . . said juror being drawn from the panel without the knowledge or consent of movant or his counsel, and objections being

32

made thereto and motion for mistrial made as soon as the facts came to the knowledge of defendant or his counsel, and before the rendition of the verdict in said case." In a note to this ground of the motion the trial judge certifies that the juror in question "was withdrawn from the jury-room by the order of the court, to be sworn as a witness in a case then on trial. He was by order of the court brought out in custody of an officer or bailiff of the court, and was returned in custody of said officer, as soon as he was dismissed as a witness, to the jury-room. When said juror was withdrawn from the jury-room defendant's attorney was absent from court-room upon his own motion. Mistrial requested before juror left court-room." No principle is better settled than that in the conduct of trials, both civil and criminal, a broad discretion is vested in the judge below, and that that discretion will not be controlled by this court unless it is manifestly abused. In the present case nothing approaching an abuse of discretion is made to appear, and in the light of the certificate of the trial judge we have no hesitancy in holding that the refusal of the motion for a mistrial was entirely proper. It was not claimed that harm resulted to the defendant, or that he was injured in any way by the action complained of; on the contrary, it is distinctly shown by the note of the court that there was no harm done.

2. The accused admitted having shot the dog which was the subject of the alleged cruelty, his defense being that his act was done in protection of his house, his chickens, and his wife, to all of whom, he stated, the dog was a menace. The evidence for the State was to the effect that the dog suffered greatly, and did not die until the day after he was shot. The character of the dog as a peaceable and useful member of canine society was abundantly established by those who knew him best in life. Had the jury believed the statement of the accused, an acquittal should have resulted. The evidence for the State, however, tended to show that the killing was unnecessary, if not wanton. That dogs are contemplated by the section of the Penal Code defining the offense of cruelty to animals is settled by the decision of this court in *Wilcox* v. *State*, 101 *Ga.* 563. The jury were authorized to find that the accused was guilty of the offense charged against him, and the conviction will not, therefore, be set aside as contrary to law.

*Judgment affirmed.    All the Justices concur.*