*Connerat & Hunter,* contra.

---

### 13250.  HARRIS & Co. *v.* VALLEE & Co. *et al.*

STEPHENS, J. 1. Where, in a suit to recover damages for a breach of a contract which the statute of frauds requires to be in writing, the petition alleges a contract, but fails to allege facts sufficient to show that the contract met the requirements of the statute of frauds, the contract presumably satisfies the statute if the contrary does not affirmatively appear from the petition.

2. Where there was an allegation in a petition to the effect that the contract sued upon, which appeared to be one required by the statute to be in writing, arose out of an interchange of telegraphic communications, and the petition purported to quote the communications in full, but did not allege that they were dated or that any one of them was signed by the party sought to be bound, and where it did not affirmatively appear from the petition that such written communications were not dated or signed by the party sought to be bound, the contract presumably met the requirements of the statute of frauds; and if to satisfy the statute it was necessary that the date upon which any of the communications was made should appear upon its face, or that any of the communications should be signed by the party making it, such was presumably true.

3. The alleged contract sued on, as appears from the allegations in the petition, was not lacking in mutuality.

4. Ambiguities in terms used in written contracts, and their meanings as

49

understood in the trade and by the contracting parties, may be explained by parol proof of this trade usage and custom. Written contracts containing such explainable terms are in this respect sufficiently certain and definite to meet the requirements of the statute of frauds. Where the writing calls for a "carload" of a certain commodity, such as sugar, it may be shown by parol that the contracting parties are dealers in the commodity, and that, according to the usuage and understanding of the trade, a "carload" of sugar refers to a definite and certain quantity to be determined by weight.

5. The alleged contract here sued on, as evidenced by an exchange of telegrams hereto attached and arranged as appears in the order of their execution, contains an offer and an acceptance, and is not lacking in mutuality. It is also sufficiently definite as to quantity, price, and time to meet the requirements of the statute of frauds and to be capable of enforcement.

6. The telegrams exchanged clearly establish a contract between the parties, and the subsequent correspondence between them is upon this assumption. There being clearly a contract between the parties, even though the defendants seek to show that there was not such a contract, any error in the charge submitting as an issue the question of the existence of a contract was harmless to the defendants.

7. It being clearly emphasized before the jury, by an abundance of evidence, that the defendants contended that no contract existed, and the court having stated to the jury this contention, this defense was not prejudiced by an instruction (even conceding that it is not authorized by the evidence) that there was an issue for the jury as to whether the defendants had violated the alleged contract.

8. In a suit for damages for an alleged breach by the purchaser of a contract for the sale of personal property the seller is confined to the method actually selected by him for determining damages prescribed in the Civil Code (1910), § 4131, and not to a method there prescribed which he has declared his intention to select but did not actually put into execution. Where the seller has failed to actually sell the goods as agent for the purchaser, and has failed to store them for the purchaser's benefit, even though he had declared his intention so to do, his measure of damages is the difference between the contract price and the market value at the time and place for delivery; and it was not error to instruct the jury that in such a case this is the seller's measure of damages.

9. The grounds of the assignment of error in section 4 (*a*) of the defendants' motion for a new trial are not correct in fact. The court actually gave in charge that which it is alleged was erroneously omitted, namely the seller's measure of damages as above indicated.

10. A charge of the court declaring the law applicable to a breach of a contract, upon the assumption that a contract exists, even if its existence is an issue, is not necessarily an expression of opinion that this existence of a contract has been proved. *Yarborough* v. *State*, 86 *Ga.* 396 (12 S. E. 650).

11. Certain excerpts from the charge excepted to contain the law as laid down in certain sections of the code, and could in no wise have been prejudicial to the defendants.

12. The remaining grounds of the motion for a new trial are without merit. The petition was not subject to the demurrers, and the evidence supports the verdict rendered for the plaintiffs.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1923.

Action for breach of contract; from city court of Valdosta — Judge Cranford. December 8, 1921.

The telegraphic communications referred to in the foregoing decision were as follows:

"Valdosta, Ga. 2:34 p. m., April 30, 1920. P. E. Vallee & Co., New Orleans, La. Wire lowest price on car sugar. J. R. Harris & Co."

"April 30, 1920. J. R. Harris & Co., Valdosta, Ga. Plantation granulated June shipment twenty seven one half net plantation sight draft payable presentation demand heavy answer. P. E. Vallee & Co."

"1920, Apr. 30 p. m. 4:41. P. E. Vallee & Co., New Orleans, La. Book car sugar your price June shipment. J. R. Harris & Co."

*Franklin & Langdale, O. M. Smith,* for plaintiffs in error.

*Walker, Small & Little,* contra.

