## 17720. HALL v. THE STATE.

The evidence as to the killing of the heifer by the accused, by striking it with the automobile which he was driving, authorized a finding that the killing was malicious.

In the absence of an appropriate written request to charge, the judge was not required to charge the jury more fully than he did as to the contentions of the accused.

DECIDED JANUARY 11, 1927.

Cruelty to animal; from city court of Baxley—Judge Speer. · September 4, 1926.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

LUKE, J. The defendant was convicted of maliciously killing a heifer cow. He assigns error on the judgment overruling his motion for a new trial. There was ample evidence to show that the defendant, while under the influence of intoxicating liquor, was driving a Ford car "about as fast as it could run," with five other boys in the car, "all whooping and hollering," and that while so driving he purposely turned out of the road about six feet and struck the heifer, and did not stop to see if the calf was killed or was suffering, or to make explanation of his act or reparation therefor. The evidence showed also that while so driving he came near to killing a little girl. His recklessness and maliciousness is shown throughout the State's testimony, and especially by the following evidence: "Before they got to this cow they were coming as hard as they could, and they had done passed me about a hundred yards, and just before they got to me I snatched Mr. Cooper's little girl out of the road, and I told them about it, and they said they would not have give a damn if they had killed her. . . He (the defendant) said he didn't care if he had killed the child." This evidence shows the maliciousness and the viciousness of the defendant on the occasion on which the heifer cow was killed. It is perfectly apparent from the evidence that the jury properly found that the defendant killed the heifer purposely.

The motion for a new trial alleges in substance that the court erred in failing to state to the jury the defendant's contention that the killing was unavoidable, unintentional, and accidental. The court charged the jury in part as follows: "The defendant is on

Animals, 3 C. J. p. 73, n. 28, 30; p. 74, n. 41.
Criminal Law, 16 C. J. p. 1059, n. 42; p. 1061, n. 61.

trial charged with maliciously maiming and killing one certain heifer. . : It is necessary for the State to show all the material facts or all the material allegations in the accusation. . . If any person shall maliciously maim or kill any horse or cattle, or shall maliciously maim or kill a hog, he shall be guilty of a misdemeanor. . . You will look to the evidence and see whether or not the defendant killed this heifer *in the manner alleged,* whether he did it *maliciously.* . . If you do not find the State has maintained the material allegations in the accusation, it would be your duty to acquit the defendant." In the absence of an appropriate written request for a fuller charge in reference to the defendant's contention, the instructions of the judge were sufficient. The evidence amply authorized the conviction, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*