19210.   ASPINWALL *v.* HOLLAND.

Decided April 10, 1929.

*H. L. Williams,* for plaintiff.    *C. H. Parker,* for defendant.

STEPHENS, J.    (After stating the foregoing facts.)

■   Upon an examination of the charge of the court as it appears of record, it appears therefrom that the court fully and correctly charged the principles of law which in the motion for a new trial the plaintiff alleges the court failed to charge.    The grounds of the motion containing these exceptions are therefore not true in fact.    The approved charge of the court must be taken as evidence as to what the court charged, rather than the grounds contained in the motion for a new trial, although the grounds of the motion are approved by the court.    *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.,* 9 *Ga. App.* 108 (2) (70 S. E. 356).

■   The insufficiency of the plea, in failing to allege that the alterations in the note were made with the intent to defraud by a person claiming a benefit under it, furnishes no ground for an exception, in the motion for a new trial, to the failure of the court to direct a verdict for the plaintiff.    There is therefore no merit in this ground of the motion.    *Simpson* v. *Wicker,* 120 *Ga.* 418 (47 S. E. 965, 1 Ann. Cas. 542) ; *Groover* v. *Wilkes,* 148 *Ga.* 794 (98 S. E. 503).

■   Since, as it appears from the evidence that the defendant testified that the note had been materially changed since he executed it, and since the note itself was introduced in evidence, the jury could, so far as appears from the record, have inferred, both from the testimony of the defendant and from the appearance of the note itself, that it had been materially changed by some one claiming a benefit under the note, and since, after the defendant had filed the plea alleging that the note, although executed by him, had been materially changed by the plaintiff with intent to defraud the defendant, the burden was upon the plaintiff, after proof of the alteration of the note, to establish the fact that it had not been changed with the intent to defraud the defendant, and, the only evidence for the plaintiff respecting the alteration of the note being that it had not been altered, the jury was authorized to find in favor of the defendant's plea.    Civil Code (1910), § 4296;

*Wheat* v. *Arnold,* 36 *Ga.* 479; *Winkles* v. *Guenther,* 98 *Ga.* 472 (25 S. E. 527).

The evidence authorized the verdict found for the defendant, and the grounds of the motion for a new trial are without merit.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*