28102.    QUICK *v.* THE STATE.

DECIDED APRIL 23, 1940.

*Hugh R. Kimbrough,* for plaintiff in error.

*B. H. Ramsey, solicitor,* contra.

MACINTYRE, J. The accusation charged B. V. Quick with maliciously killing a bull cow, under the Code, § 26-7901, which declares, in part, that "Any person who shall maliciously maim or kill any horses or cattle, or shall maliciously maim or kill a hog, shall be guilty of a misdemeanor." He was found guilty. His motion for new trial was overruled, and he excepted.

The prosecutor testified, that he was driving four or five head of cattle from his pasture along a paved public highway to his barn about three hundred yards from the pasture; that he had driven the cattle to a point about fifty yards from his barn, when the car which the defendant was driving came along, going in the same direction as the cattle were being driven. The cattle were turning across the road to go to the barn. The prosecutor was walking about fifty or seventy-five yards in the rear of the cattle. It was after dark. The defendant drove past the prosecutor going about forty or fifty miles per hour. The prosecutor was looking directly at the bull when the defendant's car struck it. The car did not slow down, blow a horn, or make any noise. It hit the bull on its left shoulder and head; whereupon the defendant's car pulled outside the road and parked. The occupants waited in the car until A. J. Bowen (a cousin of the prosecutor and a witness for the State), who was driving about thirty or forty yards behind the defendant in his car, drove up and stopped. A little later the prosecutor himself walked up; whereupon there was considerable discussion with the defendant as to his paying for the bull, the amount he was to pay, and the time of payment. However, three or four

minutes after the defendant's car had hit the bull, a car driven by some negroes passed, going in the opposite direction from that in which the defendant had been driving, and struck the bull, which was standing on three legs in the middle of the highway (the other leg having been disabled by the defendant's car striking it), and dragged the bull twenty-five or thirty yards down the highway. The prosecutor testified: "As to whether or not these men and especially Mr. Quick [the defendant] showed any signs of intoxication, about the only sign they showed to amount to anything was you could smell it pretty strong. As to whether I could detect it from the voice and conversation of Mr. Quick, or his general demeanor, or in walking, or in getting out of the car, I did not pay any attention to them, but I could smell it pretty strong; that is about all I paid any attention to about their drinking." A. J. Bowen testified that the defendant was running thirty-five or forty miles per hour; that he had been running behind the defendant ever since he left Metter; that the defendant did not blow his horn or make any noise; that the defendant was not driving recklessly; that the bull was black, and was about the color of the pavement, and that he (Bowen) did not see the bull at first, on account of that fact. On redirect examination Bowen testified: "As to whether I can state to the jury what obstructed my view, one reason was the bull was just about the color of the asphalt; he was as black as he could be. If that had been a white cow I could have seen him, but he was the same color as the road; and in fact I did not see him until I got right at him. I could not see him, because the asphalt was black and the bull was black, and I suppose that could have been the same reason the defendant's car could have struck him; and that would not have been reckless if he could not have seen him, on account of the color of the asphalt road."

In his statement the defendant said that he was driving about thirty or thirty-five miles per hour; and that the prosecutor's bull jumped out in front of his car; that the lights from Bowen's car tended to blind him by shining through the rear window of his car and reflecting in the windshield and mirror into his eyes; that he did not see the bull, and did not kill it; that he stopped and offered to pay the prosecutor $20, and the negroes who ran over and killed the bull could pay the other $20, the prosecutor having stated that the bull was worth $40. A witness for the defendant testified in effect the same as the defendant's statement.

Thus it appears from the evidence of Bowen, who was a cousin of the prosecutor and who was the only State's witness (other than the prosecutor) who saw the accident, that he could not see the bull because it was black and the pavement was black, and that he thought that could have been the reason the defendant's car struck the bull. A driver of an automobile, who is under the influence of intoxicating liquor, may be guilty of maliciously killing an animal on a public highway where the evidence shows that the killing was purposely done or with such recklessness as to imply malice. *Hall* v. *State,* 36 *Ga. App.* 279 (136 S. E. 468). Evidence may be sufficient to sustain a finding that the defendant was careless (3 C. J. 68), or guilty of ordinary negligence, and still be insufficient to find that the animal was maliciously killed. To be guilty of maliciously killing the animal, under the Code, § 26-7901, the killing must have been done with malice and an evil design (wilfully or purposely), or so recklessly as to evidence a disregard of consequences; that is, the actor must be conscious, from his knowledge of the circumstances and conditions, that his conduct will naturally and probably result in the death of the animal, and the circumstances must be such as to evidence (imply) a wicked or mischievous intent (wantonly). We do not think the evidence was sufficient to authorize the jury to find that the defendant was intoxicated, or that he "maliciously killed" the prosecutor's bull. The judge erred in overruling the motion for new trial. *Mosely* v. *State,* 28 *Ga.* 190; Black's Law Dictionary, 1828; 8 Blashfield's Cyc. Auto. Law, 147, § 5408; 3 C. J. S. 1191, § 72. The evidence did not authorize the verdict.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*