29343. DAVIS *v.* THE STATE.

**878**

Decided March 20, 1942. Rehearing denied April 3, 1942.

W. B. Mitchell, for plaintiff in error.

Frank B. Willingham, solicitor-general, contra.

MacIntyre, J. The indictment charged the defendant with an attempt to steal cattle "from the pasture of O. W. Ingram, and in pursuance of such intent did enter into the pasture of O. W. Ingram, with the intent then and there to wrongfully, fraudulently, and privately take, steal and carry away, with intent to steal the same, cattle which were then and there in said pasture, the personal property of O. W. Ingram; and did then and there do affirmative acts towards the commission of said crime as aforesaid, but failed in the perpetration thereof, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant contends that the indictment is demurrable because it charges him with an attempt to steal cattle but does not charge how or where, or any acts by which the intent was exercised. The defendant also contends that the indictment does not describe or put the defendant on notice of any kind of cattle, or the animal he attempted to steal, so as to sufficiently put him on notice of what he is charged with and what he has to defend against. He further contends that the indictment does not show what pasture, or where it is located, with adequate sufficiency to put him on notice of what he is charged with.

The indictment set out the defendant's intention to steal the cows in the pasture of Mr. Ingram, coupled with an act toward the stealing of the cows, sufficient both in magnitude and proximity to the stealing intended to be taken cognizance of by the law which does not concern itself with things trivial and small. *Groves* v. *State*, 116 *Ga.* 516, 518 (42 S. E. 755, 59 L. R. A. 598). It further alleged that the defendant failed in or fell short of taking and

carrying away the cattle. Thus the act alleged was one that directly moved the defendant toward the crime and brought the defendant nearer to its commission than mere acts of preparation or of planning, and was what is often referred to as an overt act. As to the sufficiency of the allegation on the overt act, see Bishop's Directions and Forms, 134, § 259, where the indictment charging an attempt to commit burglary charged that the defendant "did then and there burglariously and feloniously put his hands upon a closed window of said dwelling house and endeavor to raise the same." See also page 354, § 612, where the indictment charged an attempt to steal from the person and pockets of a named person, in which the overt act charged was that the defendant "did then and there with said intent stealthily and secretly endeavor to and did lay hold of the said clothes of the said X and thrust his hands upon and into his said pockets." The demurrer to the indictment on the ground that it did not charge, how, where, or any acts by which the intent was exercised, was therefore not meritorious.

As to the sufficiency of the description of the cattle, it appears from the case of Regina v. Johnson and Anderson, 169 Eng. Rpts. Full Reprint, 1484, that the defendants were charged with an attempt to commit larceny, and the indictment alleged that they "did attempt feloniously to steal and carry away, against the peace of our Lady the Queen, her crown and dignity," the goods and chattels of a named person. The court held that an indictment for an attempt to commit larceny which charges the prisoner with attempting to steal "the goods and chattels of A," without further specifying the goods intended to be stolen, is sufficiently certain, for, said the court, "where there is only an attempt, it is not always possible to say what property the would-be thief meant to steal." Thus we think the description of the property was sufficient, and the judge properly overruled the demurrer based on the ground that it was not sufficient.

As to the final ground of demurrer, that the indictment did not sufficiently identify the pasture the cows were in, it appears that the indictment alleged that the crime was committed in Monroe County, and the further allegation that the cows were located in the pasture of Ingram was not for the purpose of showing venue, but was for the purpose of aiding the general description of the cattle by further alleging that they were in the custody of Mr.

Ingram, and still further alleging that they were in the pasture of Mr. Ingram, and to thus individualize the transaction so as to enable the defendant to prepare his defense and the jury to understand the nature of the offense. It was not necessary to allege what pasture of Mr. Ingram or what particular part of the pasture the cattle were in when the attempt was made. *Pines* v. *State,* 15 *Ga. App.* 348 (83 S. E. 198). Thus, in *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489), where the description of the article alleged to have been stolen was general, which description would not alone have been sufficient, yet where it was further alleged that the place from which it was stolen was the storehouse of Zack Childers, this was held sufficient, without stating what storehouse, and the indictment was not demurrable for lack of description of the article stolen. The charging part of the special presentment was that the defendant in the county aforesaid, did then and there, unlawfully and with force and arms, "the house, to wit, the store house of Zack Childers in said county situate, enter, and, having entered, one double-case silver watch, of the personal goods of Zack Childers in said house, then and there being found, and of the value of thirty dollars, did wrongfully, fraudulently, and privately take therefrom and carry away, with intent to steal the same." The Supreme Court held the indictment good over objection that the property was not sufficiently described. We think the indictment in the instant case was not subject to the demurrers urged.

The defendant contends that the State failed to prove the venue. A witness for the State testified that the defendant told him that he and others went into the pasture in Lamar County (another county where Ingram had cattle) and could not find any cattle, and they came back to the pasture in this county (Monroe, where the crime was alleged to have been committed and the trial was had) and "I believe he [the defendant] said they run into a bunch of cows or flushed them, and they got away and they were not able to do anything with them." He further testified that Mr. Ingram told him the pasture in question was in Monroe County. Unquestionably venue was sufficiently proved. *Porter* v. *State,* 76 *Ga.* 658; *Beatty* v. *Atlanta,* 15 *Ga. App.* 515 (83 S. E. 885).

The defendant made a motion for mistrial because the court allowed a witness for the State to testify that one John Williams told him that George Proctor, another witness for the State who

was the defendant's accomplice, would steal anything. The court thereupon stated: "Well George is not on trial, and I therefore rule that out." The defendant moved for a mistrial. The court overruled the motion and instructed the jury: "Gentlemen of the jury, if I have said anything or done anything to prejudice your minds, you disregard it entirely." We think the judge properly overruled the motion for mistrial. *Holley* v. *State,* 191 *Ga.* 804 (4) (14 S. E. 2d, 103). In the absence of an appropriate written request, the judge did not err in failing to charge on the subject of confessions. *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850). The evidence was sufficient to authorize the conviction and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*