30785. WILSON *v.* THE STATE.

DECIDED APRIL 20, 1945. REHEARING DENIED JUNE 28, 1945.

622

*Alfred Herrington Jr.*, for plaintiff in error.

*George L. Smith 2d, solicitor, D. N. Brown*, contra.

MacIntyre, J. In the instant case, there is no controversy over who killed Riner's dog, for the killing was admitted by the defendant. Therefore the only question to be decided is, was the killing justifiable? "Every person who shall instigate, engage in, or do anything in furtherance of an act of cruelty to a domestic animal shall be punished as for a misdemeanor." "The word 'cruelty' shall be held to include every wilful act, omission, or neglect, whereby unjustifiable physical pain, suffering, or death is caused or permitted." Code, §§ 26-7902, 26-7904. Under the evidence, the jury were authorized to find that the dog had been killed on the open range approximately a half mile from the defendant's house on land neither owned nor controlled by the defendant; that there was no evidence, other than the defendant's statement, that when killed the dog had been killing sheep, or had acquired the sheep-killing habit, so as to become a nuisance. Thus, as the motive of the defendant in killing the dog, and whether the same was justifiable under the circumstances, were questions for solution by the jury, there was sufficient evidence to authorize a verdict of guilty of the statutory offense of cruelty to animals, and the judge did not err in overruling the motion for a new trial. *Miller v. State*, 5 *Ga. App.* 463 (63 S. E. 571) ; *May v. State*, 120 *Ga.* 497 (48 S. E. 153) ; *Moore v. State*, 121 *Ga.* 194 (48 S. E. 919). Compare *Green v. State*, 124 *Ga.* 343, 348 (52 S. E. 431).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*