### 32474. YOPP *v.* THE STATE.

GARDNER, J. (a) The defendant was convicted of cruelty to animals in that he did run his automobile against and kill certain mules described in the accusation. Briefly, but substantially, the evidence shows that the mules described in the accusation had broken out of the enclosure in a "no-fence county" and were on the public highway on which the defendant was traveling. It was a dirt road. The evidence for the State shows that it was at night, about 8 or 8:30 o'clock. The road was dusty and visibility bad. The State's evidence shows that the defendant came into the highway traveling pretty fast. One witness testified that he was traveling about 35 miles per hour. The evidence is not clear as to whether the mules were meeting the car or were in front of the car traveling in the same direction. The jury found the defendant guilty. Error is assigned here on the general grounds and several special grounds.
(b) The court charged the principle of law in the Code, § 26-7901, to the effect that, "Any person who shall maliciously maim or kill any horses or cattle or shall maliciously maim or kill a hog shall be guilty of a misdemeanor." The court also charged the principle of law contained in the Code, § 26-7902, that, "Every person who shall instigate, engage in, or do anything in furtherance of an act of cruelty to a domestic animal shall be punished as for a misdemeanor." The court did not charge the principle of law embodied in the Code, § 26-7904, to the effect that the word "'cruelty' shall be held to include every wilful act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted." This last section defining cruelty was added to this subject by amendment in an act of the legislature of 1922 (Ga. L. 1922, p. 49).
(c) The elements necessary to constitute this offense under the above Code section, we think, have been clearly defined by our appellate courts. In *Quick* v. *State*, 62 *Ga. App.* 551 (2) (8 S. E. 2d, 733), this court said: "Evidence may be sufficient to sustain a finding that the defendant was careless or guilty of ordinary negligence, in killing an animal, and still

be insufficient to find that it was maliciously killed." The killing must have been done with malice or an evil design and the evidence must show that the killing was done purposely or that the killing was done "under circumstances which bespeak a mind disposed to the commission of mischief"; that is, that the killing was done with such recklessness as to imply malice. See *Mosely* v. *State*, 28 *Ga.* 190. Applying these rules to the facts of the instant case, the evidence is not sufficient to sustain a conviction. Ordinarily, when a case is remanded for a new trial, the court does not pass on the general grounds. But under the peculiar facts of this case in view of the fact that we can not anticipate that the evidence could or would be different, we state here that unless the evidence is sufficient on another trial, if one be had, to bring the case within the rules above stated, a conviction could not stand. The evidence in the present record does not measure up to the requirements of the law to sustain a conviction.

(*d*) There are several special grounds. One of them complains because the court did not charge on the principle of law relative to misfortune or accident. This ground has no merit.

Another special ground assigns error because the court charged all of Code § 26-7901. This could not have been harmful, and it is therefore without merit.

Another special assignment of error is that the court did not charge that portion of the Code, § 26-7904, defining the word "cruelty." We think that the court should have given this portion of that section in charge.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JULY 11, 1949.

*M. H. Blackshear,* for plaintiff in error.
*Lester F. Watson,* contra.