### 36714. HALBROOK v. OAKLEY.

CARLISLE, J. 1. As the general grounds of the motion for new trial were expressly abandoned by counsel for the plaintiff in error on oral argument in this court, such grounds will not be considered. Code § 6-1308.

2. A ground of a motion for new trial though approved is not valid if it is contradicted by the record. *Harris & Co.* v. *Vallee & Co.*, 29 *Ga. App.* 769 (9) (116 S. E. 642); *James* v. *Cooledge & Bro.*, 129 *Ga.* 860 (60 S. E. 182); *Georgian Co.* v. *Kinney*, 19 *Ga. App.* 732 (3) (92 S. E. 31). Under an application of this rule, special ground 1 of the motion for

new trial is without merit as it appears from the trial court's charge that it instructed the jury: "Now, gentlemen of the jury, due care or ordinary care, as applied to a suit, is that care which an ordinary prudent person would act under the same or similar circumstances. . . Gentlemen of the jury, it is [for] the negligence of the defendant that the plaintiff can recover of the defendant . . . now the measure of damages if you find the plaintiff is entitled to recover damages on account of the negligence of the defendant, [stating the measure] . . . if you find that the defendant was negligent and his negligence was the proximate cause of the injury to the plaintiff, then you would determine how much damage that the plaintiff has suffered by reason of the negligence of the defendant. . ."

3. Under the rule stated in Division 2 of this opinion, special ground 3 is also without merit in its complaint that the court erred in charging on the plaintiff's duty to avoid the defendant's negligence in the exercise of ordinary care and diligence on the ground that there was no evidence authorizing such a charge. From the evidence, the jury was authorized to find that the plaintiff was crossing the street at a place not marked as a crosswalk, and that as the plaintiff testified that he never saw the defendant's car which struck him as he was looking for automobiles in the opposite direction, and that he, in the exercise of ordinary care, did not keep a sufficient lookout, and that had he done so, he could have avoided the defendant's negligence.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 7, 1957.

*Thomas S. Pierce, Pierce Bros., Nicholson, Fleming & Barton,* for plaintiff in error.

*J. Walker Harper, Fulcher, Fulcher, Hagler & Harper,* contra.

Ezra Halbrook, a resident of Roxboro, North Carolina, brought an action for damages against Coy W. Oakley, also known as Troy Oakley. The material allegations of the petition as finally amended are substantially as follows: On August 1, 1953, at about 9 p. m., the plaintiff was walking across Broad Street within the marked crosswalk for pedestrians in Augusta, Georgia,

from the Y. M. C. A. toward White's Department Store. At that time and place, the defendant was backing his 1949 Chevrolet Tudor automobile up the south side of Broad Street, a one-way street on the south side, in an effort to find a parking space. The plaintiff did not see the defendant backing his automobile at a rapid rate of speed, as the plaintiff was looking to the right for oncoming traffic. As the defendant backed his car in a negligent and reckless manner, he struck the plaintiff's left leg without warning and knocked him to the pavement. The plaintiff was taken to the hospital suffering from enumerated injuries. The plaintiff was in the exercise of ordinary care for his own safety at all times, and the cause of his injuries and damages was the recklessness, carelessness, and negligence of the defendant in backing his automobile without due caution, in failing to sound any warning before backing on a one-way street, and in failing to yield the right of way to a pedestrian. The defendant was guilty of negligence per se in backing his car under the circumstances and in failing to yield the right of way in violation of Chapter 20, § 90 of the Augusta City Code (Ordinance No. 2155, art. IV, § 1 of the City Council of Augusta, Georgia, approved March 3, 1953), which reads as follows:

"(a) The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic-control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided. (b) Whenever any vehicle has stopped at a marked crosswalk or at any intersection to permit a pedestrian to cross the roadway, it shall be unlawful for the driver of any other vehicle approaching from the rear to overtake and pass such stopped vehicle. (c) Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway. (d) The provisions of this section shall not relieve the driver of a vehicle or the pedestrian from the duty to exercise due care."

The plaintiff seeks to recover for physical and mental pain and suffering, loss of wages, loss of earning capacity, and medical expenses or damages, totalling $26,240.75.

The defendant in his answer denied the material allegations of the petition and alleged that the plaintiff in crossing Broad Street was not walking within the crosswalk for pedestrians but was crossing at an undesignated place on Broad Street in violation of Chapter 20, § 90 of the Code of the City of Augusta, which reads as follows: "(a) The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic-control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided. (b) Whenever any vehicle has stopped at a marked crosswalk or at any intersection to permit a pedestrian to cross the roadway, it shall be unlawful for the driver of any other vehicle approaching from the rear to overtake and pass such stopped vehicle. (c) Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway. (d) The provisions of this section shall not relieve the driver of a vehicle or the pedestrian from the duty to exercise due care."

On the trial, the jury returned a verdict for the defendant. The plaintiff's motion for new trial, based on the usual general grounds which were expressly abandoned during oral argument before this court, and two special grounds, was denied, and the plaintiff assigns error on that judgment.

In special ground 1 of the motion for new trial, the plaintiff assigns error on the trial court's failure to charge that the driver (the defendant) of the automobile that struck the plaintiff, was charged with the duty of exercising ordinary care and diligence in the operation of the automobile.

In special ground 2, the plaintiff assigns error on the following excerpt from the charge on the ground that there was no evidence to support it: "Now, gentlemen of the jury, due care or ordinary care as applied to a suit is that care which an ordinary prudent person would act under the same or similar circumstances. Now it is the duty of the plaintiff to conduct himself in such a way as not to endanger himself. Even though the defendant may be negligent, if the plaintiff by the exercise of ordinary care and

diligence on his part could have avoided the negligence of the defendant, he must do so, and if he fails to do that, he is the author of his own injury, if he is injured."