## 36722. PLANTERS ELECTRIC MEMBERSHIP CORPORATION v. POPE.

CARLISLE, J. 1. Where the general grounds of a motion for new trial have been expressly abandoned, they will not be considered by this court. Code § 6-1308.

2. A ground of a motion for new trial which is not complete within itself will not be considered. *Owens* v. *Nichols,* 139 *Ga.* 475 (5) (77 S. E. 635); *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32); *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170). Special grounds 1 and 2 (numbered 4 and 5), of the motion for new trial come within this rule and will not be considered, as in neither ground does it appear what objection was offered to the evidence alleged to be objectionable, and it is necessary to refer to other parts of the record in order for these grounds to be understandable.

3. Special ground 3 (numbered 6) complaining of the failure to charge on the principle of proximate cause, is without merit as this alleged error is refuted by the record. See *Harris & Co.* v. *Vallee & Co.,* 29 *Ga. App.* 769 (9) (116 S. E. 642). The court not only stated the contentions of the parties but charged: "The mere fact that the plaintiff's vehicle was injured, or that plaintiff himself was negligent, is not sufficient alone to make out the case for the plaintiff. The plaintiff is required to go further and show that, in the operation of the automobile, the defendant was guilty of some negligence which occasioned the injury and that the negligence must be alleged and proved." See also in this connection *Stewart* v. *Mynatt,* 135 *Ga.* 637 (4) (70 S. E. 325); *Georgia R. & Bkg. Co.* v. *Farmer,* 45 *Ga. App.* 130 (164 S. E. 71); *Western Union Tel. Co.* v. *Ford,* 10 *Ga. App.* 606 (74 S. E. 70).

4. Special ground 4 (numbered 7) is without merit as the errors attributed in this ground to the excerpt from the court's charge

are refuted by the record. *Harris & Co. v. Vallee & Co.*, supra. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 18, 1957.

*H. Cliff Hatcher, Bouhan, Lawrence, Williams & Levy, Kirk McAlpin*, for plaintiff in error.

*Thomas M. Odom, J. P. Cheney*, contra.

Remer L. Pope brought an action for damages in the amount of $51,554.50 against Planters Electric Membership Corporation for personal injuries and property damage. The material allegations of his petition as finally amended are substantially as follows: On August 17, 1955, the defendant had in its employment Sam Oglesby, who was operating one of its trucks in the course of his employment and acting within the scope of his authority. On that date, the plaintiff was driving his automobile in a westerly direction on a county road leading to Greens Ford Church parsonage. The plaintiff was exercising ordinary care and had his automobile under control when he came to a curve in the road and met the defendant's servant in a truck on the curve. The defendant's servant ran head-on into the plaintiff, demolishing the plaintiff's car and causing him enumerated injuries. The defendant's servant was negligent in failing to have his truck under proper control; in failing to turn to the right so as to avoid hitting the plaintiff's automobile; in that he had the truck over the center line of the road and the plaintiff's automobile was as far to the right as was possible. This negligence in failing to grant the right of way was the proximate cause of the plaintiff's damages and could have been avoided if the defendant's employee had operated its truck under proper control and on the proper side of the road.

The defendant in its answer admitted that a collision occurred between the plaintiff's car and the defendant's truck, but denied the other material allegations of the petition, charged the plaintiff with enumerated acts of negligence and sought by counterclaim damages to its truck.

On the trial, the jury returned a verdict for $6,000 in favor of the plaintiff. The defendant's motion for new trial, based on the

general grounds and four special grounds, was denied, and error is assigned upon that judgment. In its brief in this case, the defendant expressly abandons the general grounds and relies solely on the special grounds.