39979.   SEARLES v. THE STATE.

Decided February 26, 1963.

*Thomas J. Espy, Jr.,* for plaintiff in error.

*Cecil Palmour, Solicitor,* contra.

Nichols, Presiding Judge. ■ The defendant objected to the introduction in evidence of two affidavits and while the motion for new trial shows that detailed objections were made to such documentary evidence the record shows that the defendant merely "objected" to the first affidavit and objected to the second one because one affidavit had already been offered and admitted in evidence. Where there is a conflict between a motion for new trial and the record, the record controls. *Aspinwall v. Holland,* 39 Ga. App. 603 (147 SE 897) ; *J. R. Watkins Co. v. Seawright,* 40 Ga. App. 314 (149 SE 389) ; *Halbrook v. Oakley,* 96 Ga. App. 21 (99 SE2d 323). The objections made on the trial of the case are insufficient to present any question for decision as to the special grounds of the amended motion for new trial numbered 1 and 2. *Georgia Power Co. v. Hendricks,* 97 Ga. App. 369, 370 (103 SE2d 601), and citations.

■ Special grounds numbered 3 and 4 raise the question of whether venue was proved. The evidence shows without dispute that the alleged crime took place at the defendant's residence, and there was evidence that his residence was in Chattooga County, and there was no evidence to even give rise to a suspicion that it occurred elsewhere. Venue was sufficiently proved

and these special grounds are without merit. See *Davis v. State*, 66 Ga. App. 877 (4) (19 SE2d 543) ; *Austin v. State*, 89 Ga. App. 866 (1) (81 SE2d 508) ; *Dowdell v. State*, 200 Ga. 775 (1) (38 SE2d 780).

■ Special grounds 5 and 6 complain of the following excerpt from the court's instruction to the jury: "But I do charge you that you may take into consideration all of the circumstances in making up your verdict as to the purpose for which it was possessed; I mean by that, you can take into consideration the amount found, if you find there was any found in possession of the defendant. You may take into consideration where it was located in the house, or you may take into consideration whether it was cold or hot, or whether it was in a case or open, if you find that there was beer found in his possession. All of those things you may take into consideration in arriving at your verdict; the location of the premises, the arrangement of the house, where the place was located; all of those things you may consider."

Special ground 5 complains that such charge was misleading because it instructed the jury that the amount of beer found could be taken into consideration in determining the purpose for which it was possessed, and if it was hot or cold, in a case or open, the jury could use such circumstances to determine the purpose for which it was possessed. This charge without more would tend to confuse the jury, for it gave them no real guidelines to go by and authorized a conviction regardless of the circumstances and although such circumstances may have equally supported hypotheses of innocence or guilt.

Special ground 6 complains that such charge began a charge on circumstantial evidence and was incomplete.

Possession of the beer was not in and of itself illegal, *McKown v. City of Atlanta*, 184 Ga. 224 (9a) (190 SE 571), and, while the evidence that such beer was on the premises · was direct evidence, the charge complained of was clearly an instruction authorizing a conviction upon circumstantial evidence for the offense of possessing beer for the purpose of sale. "When a trial judge undertakes to charge the law on a subject, he must charge all the law on the subject which is material or applicable to the

case. *Rouse v. State,* 2 Ga. App. 184 (58 SE 416); *Harper v. State,* 17 Ga. App. 561 (87 SE 808); *Williams v. State,* 25 Ga. App. 193 (102 SE 875); *Hinson v. Hooks,* 27 Ga. App. 430 (108 SE 822)." *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827, 828 (93 SE2d 174). Therefore, a complete charge on circumstantial evidence should have been given, and it was reversible error to fail to do so.

■ Inasmuch as the case must be again tried the usual general grounds of the motion for new trial are not passed upon inasmuch as the evidence on another trial may not be the same.

*Judgment reversed. Frankum and Jordan, JJ., concur.*