### 40124.  BOLTON v. THE STATE.

JORDAN, Judge.  The defendant was convicted of the offense of cruelty to an animal.  His amended motion for new trial was denied and he excepted to that judgment.  *Held:*

1. The evidence in this case was sufficient to authorize the finding that the defendant wilfully and without justification shot and killed a dog, the property of Virge Lovell, Sr., as charged in the accusation; and the general grounds of the motion for new trial are without merit. *May v. State*, 120 Ga. 497 (2) (48 SE 153); *Moore v. State*, 121 Ga. 194 (48 SE 919).

2. "In the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused." *Hardin v. State*, 107 Ga. 718 (3) (33 SE 700); *Richards v. State*, 114 Ga. 834 (40 SE 1001); *Smith v. State*, 117 Ga. 259 (43 SE 703); *Jackson v. State*, 201 Ga. 364 (39 SE2d 756); *Davis v. State*, 205 Ga. 248, 251 (3) (53 SE2d 545).  Special grounds 1 and 2 which assign error on the failure of the court to give in charge to the jury without request certain enumerated instructions relating to the defendant's contention (as raised solely in his unsworn statement to the jury) that he was justified in killing the dog, are without merit.

3. "A fact established by the record must prevail over a recital of fact in contradiction therewith in an approved ground of the

motion for a new trial." *Aspinwall v. Holland,* 39 Ga. App. 603 (1) (147 SE 897). Special ground 3 which assigns error on a purported excerpt from the charge of the court, is without merit since the excerpt complained of cannot be found in the charge of court as it appears of record, the same having been approved by the trial court as being a "true, correct and complete copy of the charge given." *Halbrook v. Oakley,* 96 Ga. App. 21 (2) (99 SE2d 323); *Searles v. State,* 107 Ga. App. 412 (1) (130 SE2d 253).

*Judgment affirmed.* *Nichols, P. J., and Frankum, J., concur.*

DECIDED JUNE 4, 1963.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.
*Robert F. Oliver, Solicitor, Jack M. Gunter, Irwin R. Kimzey,* contra.