## 59131. RUSHIN v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction for cruelty to animals.

1. "A person commits a misdemeanor when his act, omission, or neglect causes unjustifiable physical pain, suffering, or death to any living animal." Code Ann. § 26-2802. The evidence here shows the following: Appellant was passing by the home of Thomas Miller when, according to appellant, he was bitten on the elbow, the shoulder and the calf by Miller's Blue Tick hound dog. Appellant proceeded on to the home of a 13-year-old friend, where he "laughed and talked" with his friend's grandfather. "For protection," appellant asked for and received a .22 caliber rifle belonging to his friend's grandmother. Leaving with the rifle and his friend, appellant then related that he had been bitten by Miller's dog but did not show any marks. Appellant and his friend went to a store and purchased a box of .22 cartridges. Appellant loaded the gun and gave it to his friend. They began walking back toward Miller's house though appellant's home was in the opposite direction. As they approached, the hound dog began to bark and run toward them. The friend asked appellant "Do you want the first shot?" Appellant replied, "No, you take it." The friend, intending to kill, shot the dog. A smaller house dog then began barking and running toward appellant and his friend. The friend shot at the ground several times and the small dog ran off.

When Miller returned home he found the body of his hound dog on his property, just outside the fence surrounding his house. The animal had been shot once in the chest. His small house dog had in fact been shot or hit in the mouth by a ricocheting bullet but, with treatment, had survived. Appellant's 13-year-old friend was found to be delinquent based upon the shooting of the dogs. Appellant was prosecuted on accusation for cruelty to animals. Appellant urges that the jury's verdict of guilty should be reversed and a new trial

ordered because this evidence was insufficient to support a finding of a violation of Code Ann. § 26-2802.

We disagree. While appellant argues that there is no evidence that the shooting of the dogs was "unjustifiable," there is clear evidence from which the jury could find that the act was motivated by revenge rather than justification. The evidence indicates that appellant embarked on a scheme to obtain the gun, secure ammunition and then return to Miller's house in order to shoot the hound dog. While appellant contended the dog was shot in the roadway and was barking and running toward him, the body of the animal was found on Miller's property and no evidence of the animal's blood was found anywhere else. And the shooting of the small house dog could be found under the evidence to have been an unjustifiable response to its barking and circling after the hound had been killed. If the jury had believed appellant's version of the events, they would have been authorized to find the shootings to have been a justifiable response to an attack by the animals in the roadway where appellant had a right to travel. If they believed that the shootings were not a justifiable response to an attack but were part and parcel of appellant's deliberate desire to exact a measure of revenge on the animals — as evidenced by his securing the gun, obtaining ammunition and returning to Miller's house to shoot an animal on its own property which was merely barking and running in the direction of the road — the conviction was authorized. "[T]he test is whether the injury inflicted upon the animal was, under the circumstances of the occasion, *justifiable.* [Cits.] The motive of the defendant in inflicting injury upon an animal, and whether the same was justifiable under the circumstances, are generally questions for solution by the jury. [Cit.] Under the above rules of law there was some evidence in this case, together with inferences arising therefrom, to justify a verdict of guilty against the accused . . . [Cits.]" *Maxwell v. State,* 50 Ga. App. 15 (1) (176 SE 901) (1934). The evidence supports a finding that the shootings were not done justifiably but rather with malice or an evil design. Compare *Yopp v. State,* 79 Ga. App. 584 (54 SE2d 505) (1949). There was no error in denying the motion for new trial.

2. Appellant next urges that it was error to fail to charge without request on justification as a defense under Code Ann. § 26-201. This argument is without merit. The jury was instructed that appellant could not be convicted unless each element of the crime was proved beyond a reasonable doubt. They were further instructed, in the language of Code Ann. § 26-2802, that the crime charged was the *unjustifiable* causing of physical pain, suffering or

3

43

death to any living animal. Thus the jury *was* instructed that they could not find appellant guilty unless they found the shootings unjustifiable under the circumstances. Unlike certain other criminal statutes, the conduct proscribed by Code Ann. § 26-2802 is itself defined as "unjustifiable." *Maxwell v. State,* 50 Ga. App. 15, supra. Here the jury was instructed that they must find the shootings "unjustifiable" to convict appellant. We find no error in failing to charge separately on justification absent a request. Cf. *Bolton v. State,* 107 Ga. App. 883 (2) (131 SE2d 862) (1963).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1980 — DECIDED MARCH 6, 1980 — REHEARING DENIED MARCH 19, 1980 — 

*Kenneth M. Henson, Jr.,* for appellant.
*William J. Smith, District Attorney, Richard C. Hagler, Assistant District Attorney,* for appellee.