## 35196. CRENSHAW v. THE STATE.

BOWLES, Justice.

Appellant was indicted and charged with the murder of Lyndon Ausbon Jay Woodall. He was tried by a jury, found guilty and sentenced to life imprisonment.

Evidence produced at trial established that appellant shot the victim in the head shortly after an exchange of words occurred between the two outside of Sean's Tavern, in Macon, Georgia. An eyewitness testified that the victim was unarmed, and was making no threat or advancement towards appellant at the time of the shooting. This testimony was corroborated by other eyewitnesses.

Appellant ran from the scene following the shooting. He requested a ride to the Villa West Apartment from friends. A Macon police officer stopped the vehicle and questioned the occupants. Appellant gave his name as Mark Hammil. The officer noticed that appellant had blood on the shirt he was wearing. Appellant was arrested.

At trial, appellant sought to show that he suffered from episodes of extreme explosive behavior. He produced several witnesses who testified as to his strange and

destructive behavior. A staff psychologist at Middle Georgia Comprehensive Community Mental Health Retardation Center testified that he believed appellant did suffer from an emotional disorder on the night of the shooting, but in his opinion appellant was not psychotic, knew right from wrong and was not suffering from a delusional compulsion.

After hearing all the evidence, the jury found appellant guilty of murder. We affirm.

1. Appellant complains that the evidence presented was insufficient to sustain his conviction of malice murder. We have reviewed the record in this case and find sufficient evidence to justify the jury's verdict of guilt beyond a reasonable doubt. The facts in this case satisfied any premeditation requirement.

2. Appellant complains that the trial court erred by denying his motion for additional funds to hire an investigator and by denying his motion for a second psychiatric evaluation.

The granting or denial of a motion for the appointment of expert witnesses to aid in the defense of an indigent lies within the sound discretion of the trial court, and will not be reversed on appeal in the absence of an abuse of that discretion. *Westbrook v. State,* 242 Ga. 151(1) (249 SE2d 524) (1978) and cits. In the instant case, no special need was demonstrated for an expert investigator, nor was it argued that appellant's psychiatric evaluation was unsatisfactory. It was not error to refuse appellant's request for additional funds, or for a second psychiatric evaluation.

3. Appellant complains that the trial court's charge on flight was incorrect. We disagree. The charge is the same as the one approved in *Kalb v. State,* 195 Ga. 544(3) (25 SE2d 24) (1943) and *Reeves v. State,* 241 Ga. 44(3) (243 SE2d 24) (1978).

4. Appellant complains that the state failed to establish the death of Jay Woodall. Reviewing the evidence, we find no merit to this argument. Three eyewitnesses testified that appellant shot the victim in the head at point-blank range. State Exhibit No. 1 was a photograph of the victim. A medical examiner testified that the victim died as a result of a bullet wound to the

brain. The same photograph was identified by eyewitnesses who knew the victim personally.

Finding no merit in appellant's enumerations of error, we affirm his conviction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 27, 1979 — DECIDED OCTOBER 3, 1979.

*Hubert E. Hamilton, III,* for appellant.

*W. Don Thompson, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.