## 61218. SMITH v. THE STATE.

DEEN, Presiding Judge.

Richard Smith was convicted of attempted rape and appeals following the denial of his motion for a new trial.

1. Appellant contends that the trial court erred in overruling his motion for a mistrial because his character was placed into evidence

by the state over his objection.

On direct examination by the state, a deputy sheriff was asked if he was certain that the defendant was the same person he arrested. The witness replied, "Well, I went and arrested him after this, too. Of course, he still had his hair and his beard." After defendant's objection and motion for a mistrial, the court instructed the jury, ". . . the statement about any arrest at any other time is not to be considered by you in your deliberations, and it is not to be considered by you for any purpose. It is not evidence in this case. This gentleman is on trial for this offense and for no other offense, and he is here in court and he has the presumption of innocence with him, and you are not to consider testimony about any other arrest, and it is not to be considered by you in your deliberations. After this instruction, the defendant did not renew his motion for a mistrial.

The witness' remark was not responsive to the question and the court gave the jury extensive instructions in an attempt to disabuse the jurors' minds of the remark which might have placed the defendant's character in issue. "Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529) (1973). "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, the enumeration addressed to such ground is without merit. *Clyatt v. State,* 126 Ga. App. 779 (192 SE2d 417) [1972]" *Chandler v. State,* 143 Ga. App. 608, 609 (239 SE2d 158) (1977).

2. Appellant also complains that the trial court erred in its charge on the renunciation of criminal purpose because he had requested and the court had approved a charge on only a portion of Code Ann. § 26-1003. The court's charge included the entire code section. Thus, appellant desired a charge which did not include §§ (a) and (b) which define when a renunciation of criminal purpose is not voluntary and complete.

"Where a trial court undertakes to charge the law on a subject he must charge all the law on such subject applicable to the case." *Searles v. State,* 107 Ga. App. 412, 413 (130 SE2d 253) (1963). Further, it is not error to fail to charge in the exact language requested. *McClendon v. State,* 231 Ga. 47 (199 SE2d 904) (1973).

3. The trial court did not err in charging the jury on the issue of flight. The victim testified that when she attempted to escape she had to free herself from his grasp, fell to her knees at the side of the road

upon escaping from the vehicle and was finally able to get to her feet and run away from the defendant's automobile. The defendant then sped off in the vehicle with the passenger door open. It therefore became a jury question as to the reason why defendant left the scene. *David v. State,* 143 Ga. App. 500 (238 SE2d 557) (1977).

4. Appellant also asserts the general grounds. The defendant admitted that when he picked up the victim, who was walking along the road because her car had broken down, he wanted to have sexual intercourse with her and that he had already unzipped his trousers. After he made a turn off the highway leading into town, she looked down and saw his penis exposed. She then attempted to escape from the moving vehicle. Appellant slammed on his brakes and grabbed her around the upper part of her body including her breasts. After a struggle during which the victim was scratched, she escaped and ran to the nearest house in a state of hysteria. The defendant claims that he grabbed her to prevent her from falling out of the automobile. We find that there was sufficient evidence from which a reasonable trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980). The credibility of the witnesses is a question for jury determination. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 28, 1981.

*Darrell E. Wilson,* for appellant.

*Charles Crawford, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.