## 62069. GARRETT v. THE STATE.

QUILLIAN, Chief Judge.

The appellant was convicted of the offense of burglary and brings this appeal. Appellate counsel has filed a motion to withdraw on the ground that the appeal was wholly frivolous. Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493); *Bethay v. State,* 237 Ga. 625 (229 SE2d 406). All requirements of Anders and *Bethay* having been met, after examination of the record and transcript we granted permission of counsel to withdraw.

The defendant has filed a pro se brief with an enumeration of errors complaining of failure of the trial court to provide him with a copy of his trial transcript, and after he "released his court-appointed attorney" he states he was not appointed "counsel to help with his appeal. . ." "[An] indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court." *Burney v. State,* 244 Ga. 33, 35 (257 SE2d 543). From our review of the record and transcript we conclude the trial court did not abuse its discretion in refusing to appoint the defendant a second attorney for purposes of this appeal.

"While there is a basic right to a free transcript to perfect a timely direct appeal, there is no absolute right to a free transcript just so the prisoner may have it, *and some justification for use in a habeas corpus or related proceeding must be shown* in order to be entitled to such records in a collateral attack on the sentence." *Mydell v. Clerk,* 241 Ga. 24 (243 SE2d 72); see also *Wise v. Skinner,* 244 Ga. 225 (259 SE2d 475). In *Corn v. State,* 240 Ga. 488 (241 SE2d 245) the defendant's pro se petition to the trial court for a transcript was

denied. The Supreme Court affirmed because the case was then on appeal—with counsel and with the transcript. Also, in *Heard v. Allen,* 234 Ga. 409 (216 SE2d 306) the Supreme Court denied a writ of mandamus for a copy of the defendant's trial transcript "because the convictions were being appealed by appellant's court-appointed attorney who had in his possession all of the requested records." We find no error in the trial court's denial of defendant's request for a second trial transcript and a different court-appointed attorney.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 19, 1981.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.