### 62773. LETT v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of aggravated assault, as a lesser included offense on an armed robbery indictment, and aggravated battery. Among others, he enumerates as error the trial court's refusal to place prospective jurors in the jury box in panels of 12 for voir dire. Code Ann. § 59-720 provides: "In the examination of individual jurors by counsel for the parties, in civil and criminal cases, . . . it shall be the duty of the court, upon request of either party, to place the jurors in the jury box in panels of 12 at a time, so as to facilitate their examination by counsel." Defense counsel made such a request, but the trial court denied it, for reasons which are not clear from the record. *Held:*

1. Jury selection is a vital and extremely important part of the trial process and should be treated as such by all concerned. The court's duty to place the jurors in the box is triggered upon a request by either party that he do so. The statute does not provide for judicial

discretion in the matter. The court's ruling was thus erroneous as a matter of law. Although the state urges that the error was harmless, we need not reach this issue in that the conviction is being reversed on other grounds.

2. After properly charging on self-defense in the terms of Code Ann. § 26-902, the trial court gave the following charge: "Now, ladies and gentlemen, justification or self-defense is what the law calls an affirmative defense. An affirmative defense is one that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. With respect to an affirmative defense, unless the state's evidence raises the issues involving the alleged defense, the defendant, to raise the issue, must present evidence thereon, but once an issue of an affirmative defense is raised, the burden of proof rests upon the state as to such issue as it does with respect to all other issues in the case.

*"Now, I charge you that justification as a defense must appear from the evidence not beyond a reasonable doubt but by a preponderance of the evidence, which is the lesser degree of proof."* (Emphasis supplied.)

The defendant contends that the emphasized portion of the charge quoted above is impermissibly burden-shifting. We agree. The first paragraph quoted above clearly instructs that the burden of coming forth with evidence of self-defense will be provided by the defendant. The emphasized portion charges the burden of proving the defense. Our Supreme Court has ruled that "charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error." *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241) (1976). We have considered the charge as a whole and find that the language complained of was neither harmless nor invited. Therefore, reversal is required. Cf. *Perkins v. State,* 151 Ga. App. 199 (1) (259 SE2d 193) (1979); Holloway v. McElroy, 632 F2d 605 (5th Cir. 1980).

3. The defendant requested that the trial court charge on justification in accordance with Code Ann. § 26-902 (a). He enumerates as error the trial court's inclusion, over objection, of subsection (b) of the code section. This enumeration is without merit. " 'Where a trial court undertakes to charge the law on a subject, he must charge all the law applicable to the case.' *Searles v. State,* 107 Ga. App. 412, 413 (130 SE2d 253) (1963)." *Smith v. State,* 157 Ga. App. 238, 239 (276 SE2d 905) (1981). The inclusion of subsection (b) was not error.

4. The defendant also contends the offenses of which he was convicted, aggravated assault and aggravated battery, merge, and that separate punishments for each may not stand. This enumeration

of error is without merit. The second count of the indictment alleged aggravated battery based on the victim's loss of an eye due to a bullet wound. The evidence showed that in addition, the victim had multiple stab wounds on his body and a broken arm. The multiple wounds and the use of at least two weapons authorized the jury to convict on more than one offense. Compare *Biddy v. State*, 138 Ga. App. 4 (4) (225 SE2d 448) (1976); *Whitehead v. State*, 144 Ga. App. 836 (242 SE2d 754) (1978).

5. The defendant also contends that the trial court erred in refusing to give his request to charge on the use of excessive force. We have examined the court's charge and conclude that it adequately covers the principle involved. This enumeration of error is without merit.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 23, 1981.

*Tommy Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Candiss L. Howard, Assistant District Attorneys,* for appellee.