## 38119. ENNIS v. THE STATE.

CLARKE, Justice.

Appellant was convicted of the murder of Eardell Keeton and sentenced to life imprisonment. The victim was shot and killed in front of her home where appellant had been living for approximately one month before the shooting. A neighbor testified that he saw and heard appellant and the victim arguing in front of her house. He saw appellant raise his arm, saw a flash in appellant's hand, and heard a gunshot. The victim fell to the carport floor. The victim's grandson, who was at his mother's house next door, testified that he heard the argument and the gunfire and ran to the house. He testified that appellant gave him the gun and asked him to shoot him and, when the grandson refused, asked him to help him "dump" the victim before the police arrived. There was testimony at trial that the bullet recovered from the victim's body was fired from appellant's gun.

1. Appellant's first enumeration of error is that the state failed to present sufficient evidence to warrant a verdict of guilty of murder. Applying the test set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.

2. In his second enumeration of error appellant complains of the court's denying his motion to hire an investigator to aid in preparation of the case. "The granting or denial of a motion for the appointment of expert witnesses to aid in the defense of an indigent lies within the sound discretion of the trial court, and will not be reversed on appeal in the absence of an abuse of that discretion." *Crenshaw v. State,* 244 Ga. 430, 431 (260 SE2d 344) (1979). In *Crenshaw,* supra, the trial court denied a motion for funds to hire an investigator. The court found that appellant demonstrated no special need for an expert investigator. In the present case appellant has demonstrated neither need for an investigator nor harm arising from the denial of his motion for funds to hire an investigator. Also without merit is appellant's claim that as an indigent he was entitled to an investigator to ensure that his appointed counsel rendered effective assistance to him. We find no error in the trial court's denial of appellant's motion.

3. In his final enumeration of error appellant complains of the trial court's failure to give two requested charges, one as to anger and one as to malice.

The requested charge as to anger was covered by the court's charge on voluntary manslaughter. The court charged that "[a] person commits voluntary manslaughter when he causes the death of

another human being under circumstances which would otherwise be murder if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." This was a correct charge justified by the evidence in the case. It is not error for the court to fail to use the exact language of the requested charge when each of the relevant principles is stated in the charge. *McClendon v. State,* 231 Ga. 47 (199 SE2d 904) (1973); *McCarty v. State,* 157 Ga. App. 336 (277 SE2d 259) (1981); *Smith v. State,* 157 Ga. App. 238 (276 SE2d 905) (1981).

Appellant also requested a charge on malice and its effect on the crime charged. The trial court charged fully on malice as an essential element of the crime of murder. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Perry & Perry, David E. Perry,* for appellant.

*Thomas H. Pittman, District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries,* for appellee.