## 66844. GIBBS v. THE STATE.

BIRDSONG, Judge.

Jerome Gibbs was convicted of armed robbery, aggravated assault with intent to commit rape, and aggravated assault upon a police officer while in the execution of his duties. Gibbs was sentenced to twenty years for the armed robbery, ten years consecutive for the assault to rape and ten years concurrent for the assault upon the police officer. He brings this appeal enumerating five asserted errors. *Held:*

1. In his first enumeration of error, Gibbs contends that the evidence is not sufficient to support the findings of guilty. There is no dispute that an armed robbery occurred and that all the ready cash was taken from the manageress of a convenience store. One of the three robbers (Gibbs) forced the manageress to remove the clothes from the lower portion of her body, lie down on the floor, and had exposed his penis when the police arrived in answer to a possible prowler alert. Gibbs forced the young woman to accompany him outside the store pointing a shotgun at her head. Gibbs fired two shots at the police officer who had ordered him to come from within the store and to surrender. The shotgun fell to the ground during a struggle with the female and Gibbs ran from the scene. He was very quickly apprehended near the scene of the robbery wearing the same clothes identified as those of the person who attempted the rape and fired the shotgun at the officer. When Gibbs was brought back to the store, a wad of money was found in his shirt pocket, with a deposit slip for the day's store receipts. Both the female victim and the police officer unequivocally identified Gibbs.

Under the above-stated facts, there is no room for reasonable doubt as to guilt. No matter how many trials may be had, the facts

and law demand the verdict of guilty, and such it would be, unless both the facts and law were ignored by the jury and the jurors' oaths violated. *Hussey v. State,* 69 Ga. 54, 57; *Poole v. State,* 100 Ga. App. 380, 384 (111 SE2d 265). Of course, a verdict is never demanded in a criminal case in the sense that the court may direct a verdict of guilty. However, where the defendant makes no statement denying his guilt and the evidence authorizes only a guilty verdict, such verdict is demanded in the sense that errors occurring on the trial may be harmless. *Coleman v. State,* 237 Ga. 84, 93-94 (226 SE2d 911). We conclude therefore that any rational finder of fact would have found Gibbs guilty beyond reasonable doubt under the facts presented. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration of error, Gibbs complains that he was forced to proceed to trial with counsel not of his choosing and was denied any decision in the tactics advanced by that counsel. The facts giving rise to this enumeration are that the crime occurred in May 1982. Gibbs retained a certain attorney as counsel. Gibbs entered a plea of guilty to the charges in August, 1982, but subsequently withdrew the plea. Meanwhile the victim of the robbery, a dependent wife of a serviceman, had joined her husband in Germany. The trial was specially set for January 10, 1983, and the victim was returned from Germany for that date. Approximately five months after the entry of the guilty plea but only a few days before the rescheduled trial on the merits, Gibbs released the attorney as his retained counsel. As an indigent Gibbs sought the appointment of a public defender. The trial court honored that request and a second attorney was appointed. When trial was called, Gibbs refused to cooperate in any manner with the first attorney and objected to proceeding to trial with the public defender because she was unfamiliar with the case. The trial court then appointed the first attorney to act with and assist the public defender in the defense of the case, but with the first attorney acting as lead counsel. Gibbs objected to this attorney making an opening statement or conducting any cross-examination of state's witnesses. The trial court urged the attorney to act in his professional judgment and protect the rights of Gibbs irrespective of Gibbs' expressed desires. The attorney made an opening statement and conducted vigorous cross-examination of all government witnesses with a view to challenging the certainty of their iden-tification of Gibbs as the offender. Gibbs never stated any reason for his discharge of this attorney and makes no contention that the public defender was inadequate in any way other than a lack of preparation. Both counsel acted beneficially and appropriately in the cross-examination of witnesses, making a motion for mistrial and conducting closing arguments. The record also reflects that counsel

worked in harmony, conferring numerous times during trial, raised numerous objections and sought to impeach witnesses by using the transcript of pretrial proceedings.

It is apparent from the record that the first attorney was well prepared to try a difficult case and Gibbs in fact received adequate representation. When one considers that a special trial date was set for the out-of-country witness, and that Gibbs waited until just before trial to raise questions of counsel, one is ineluctably led to the belief that Gibbs used the question of representation by counsel as a dilatory tactic. See *Pope v. State,* 140 Ga. App. 643, 646 (231 SE2d 549). Gibbs as an indigent defendant did not have the right to change or refuse his court-appointed counsel or to select appointed counsel. *Kesler v. State,* 249 Ga. 462, 474 (12) (291 SE2d 497); *Garrett v. State,* 159 Ga. App. 27 (282 SE2d 683). Nor may a defendant refuse to cooperate with his attorney and then claim improper representation. *Rivers v. State,* 250 Ga. 303, 308 (298 SE2d 1). Under these circumstances, inasmuch as Gibbs declined to defend himself, insisted that the appointed public defender should not proceed because she was allegedly unprepared, but for unstated reasons refused to allow a well-prepared counsel to defend him, we can find no error in the trial court denying a continuance. We believe the trial court acted fully to insure that this criminal defendant receive what the law demands: a good and adequate defense in the face of what apparently were delaying tactics possibly designed to avoid the trial altogether. See *Clark v. State,* 159 Ga. App. 438 (1) (283 SE2d 666).

3. In his next enumeration of error, Gibbs urges the trial court erred in allowing the substance of radio reports between officers responding to the crimes charged against Gibbs to be considered by the jury on the ground the reports were hearsay. This evidence was admitted by the trial court with the cautionary and limiting admonition that it could only be considered to explain the witness' ensuing conduct. It is beyond question that the evidence was admissible for that purpose. *Lord v. State,* 157 Ga. App. 104, 105 (1) (276 SE2d 153). Moreover, this same evidence was offered and admitted through the persons who uttered the communication, thus removing any hearsay taint. *Wilson v. State,* 246 Ga. 62, 67 (2) (268 SE2d 895). This enumeration lacks merit.

4. In his last enumeration of error, Gibbs contends the court's charge on aggravated assault was overly broad, being cast in language extending beyond the specific acts making up the assault to rape alleged in the indictment. The trial court in its charge simply charged the entire code section, thus including language appropriate to the charge and language that was not wholly responsive to the charge. However, no request to limit the charge was made nor was an

objection made to the overly broad charge. It generally is not grounds for a new trial that an entire code section is charged although only a part thereof is applicable. *Stevens v. State,* 247 Ga. 698, 706 (13) (278 SE2d 398); *Webb v. State,* 159 Ga. App. 403, 405 (2) (283 SE2d 636). We find no prejudice in this case.

*Judgment affirmed. Shulman, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED OCTOBER 14, 1983.

*Louise T. Norwood,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Margaret V. Lines, Assistant District Attorneys,* for appellee.