## 70392. MATHIS v. THE STATE.
### (336 SE2d 299)

POPE, Judge.

Appellant and two others were indicted by a grand jury for trafficking in cocaine. A jury found appellant guilty and he was sentenced to 12 years in prison and a $50,000 fine. In his sole enumeration of error argued on appeal, appellant assigns error to the trial court's denial of his motion for mistrial based on the court's denial of his request to voir dire the prospective jurors in the jury box. *Held*:

During jury selection, counsel for appellant objected that the prospective jurors were "scattered all over the courtroom." Counsel requested that he be allowed to voir dire the prospective jurors in the jury box. The trial court denied the request noting that the prospective jurors were not scattered all over the courtroom. The court. stated, "There is a panel of 12 on my left in the jury box, panel of 12 in what we call the dock on my right, and all of the other jurors are seated together as panels in the courtroom on my left only." After the jury was selected, counsel for appellant moved for a mistrial contending appellant was "deprived of voir diring the jury panels in the jury box, and because of that it was impossible to hear a lot of the questions that were asked by opposing counsel and answers given by the people, very difficult to voir dire, very cumbersome moving around the courtroom, and we feel that the proper due process way of voir diring a jury is by panels placed in the jury box, each panel one at a time." The trial court noted that he heard all the questions and answers during voir dire and denied the motion.

OCGA § 15-12-131 provides that "[i]n the examination of individual jurors by counsel for the parties in civil and criminal cases . . . it shall be the duty of the court, upon the request of either party, to place the jurors in the jury box in panels of 12 at a time, so as to facilitate their examination by counsel." In *Lett v. State*, 160 Ga. App. 476 (1) (287 SE2d 384) (1981), we held: "Jury selection is a vital and extremely important part of the trial process and should be treated as such by all concerned. The court's duty to place the jurors in the box is triggered upon a request by either party that he do so. The statute does not provide for judicial discretion in the matter. The court's ruling [denying appellant's request to place prospective jurors

in the jury box in panels of 12 for voir dire] was thus erroneous as a matter of law." So, too, the denial of appellant's request in the case at bar to voir dire prospective jurors in the jury box was in error. Indeed, the record indicates that appellant was erroneously required to voir dire all the panels of prospective jurors en masse. Cf. *Lahr v. State*, 239 Ga. 813 (4) (238 SE2d 878) (1977).

The purpose of voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. *McKinney v. State*, 155 Ga. App. 930 (5) (273 SE2d 888) (1980). The purpose of OCGA § 15-12-131 is to facilitate this determination, i.e., to free such determination from difficulty or impediment. See Black's Law Dictionary 531 (5th ed. 1979). The General Assembly has mandated this procedure for selecting juries. It is the duty of the courts of this state to follow the law as enacted by the General Assembly. See *Ates v. State*, 155 Ga. App. 97 (2) (270 SE2d 455) (1980).

Nevertheless, the State argues that the trial court's failure to comply "with the technical commands of the statute" is not reversible error. " 'It is no answer to the violation of the mandatory rule to say that the record does not show any harm to have resulted to the [appellant] because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears.' [Cit.]" *Henderson v. State*, 251 Ga. 398, 403 (306 SE2d 645) (1983). In other words, the State must show that it is highly probable that the erroneously conducted en masse voir dire did not contribute to the judgment in this case. See *Henderson v. State*, supra at (2). In this regard, the State points to the evidence of record as overwhelmingly establishing appellant's guilt. We are compelled to agree with this assessment. The evidence of record showing appellant's participation in the subject cocaine sale is substantially uncontroverted. This evidence includes the testimony of appellant's co-defendants, the testimony of the undercover police officer to whom appellant sold the cocaine, appellant's confession and his own testimony at trial. Applying the "highly probable" test to the evidence of record in this case, we conclude that the error in the conduct of the voir dire was harmless. See *Williams v. State*, 172 Ga. App. 682 (324 SE2d 544) (1984); *Gibbs v. State*, 168 Ga. App. 417 (1) (309 SE2d 412) (1983).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 8, 1985.

*James B. Pilcher*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E.*

*Hicks, Paul L. Howard, Jr., Assistant District Attorneys*, for appellee.