43419. RAVEN v. THE STATE.
(349 SE2d 383)

SMITH, Justice.

The appellant, Willie Frank Raven, was indicted for the murder

of Amelia D. Arbuckle. The jury found him guilty and he was sentenced to life imprisonment. We affirm.[1]

The appellant and the victim lived together with her two children. They had all been out the night before her death, but the appellant stayed out alone until approximately 4:00 a.m. He testified that when he arrived home the front door was unlocked so he quietly let himself into the house and got into bed with the victim. The appellant testified that the children awakened him that morning. One of the children testified that he saw the appellant wearing a tee shirt, but the appellant denied this. The appellant said that when he went back to the bedroom he noticed the victim was dead, and that he could tell that she had been beaten and raped.

Police testimony indicated that there was no evidence of a forced entry and that the victim was found lying with her head at the foot of the bed and her feet at the head of the bed.

The state's laboratory expert testified that blood found on a tee shirt was consistent with the victim's blood type.

The medical examiner testified that the victim suffered blunt trauma over most of her body. A ligature mark was found on the neck. The medical examiner testified that she died between 4:30 a.m. and 6:00 a.m. due to a combination of asphyxia and blunt trauma. There was evidence of spermatozoa, but tests were inconclusive as to whether or not it was the appellant's.

1. The appellant contends in his first and third enumerations of error that the evidence was not sufficient to authorize a conviction, and that the trial court erred in denying his motion for a directed verdict.

Viewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the appellant guilty of the murder of Ms. Arbuckle beyond a reasonable doubt, *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and *Stanley v. State*, 254 Ga. 376, 377 (329 SE2d 500) (1985); thus, we find no error.

2. The appellant asserts that it was error for the trial court to deny his request to place prospective jurors in the jury box during voir dire.

"Jury selection is a vital and extremely important part of the trial process and should be treated as such by all concerned. The court's duty to place the jurors in the box is triggered upon a request

---

[1] The crime was committed on October 14, 1984. The Fulton County jury returned its verdict of guilty on June 6, 1985. A motion for new trial was filed and overruled on December 9, 1985, and a notice of appeal was filed on January 9, 1986. The record was docketed in this Court on April 21, 1986, and the case was submitted by brief on June 6, 1986.

by either party that he do so. The statute does not provide for judicial discretion in the matter." *Lett v. State*, 160 Ga. App. 476 (287 SE2d 384) (1981). The denial in this instance, however, did not cause the appellant any harm. Immediately after the trial judge refused to put the jury in the box, he called for a recess. After the 15-minute recess the record indicates that the jurors were placed in the boxes on the sides of the courtroom and the voir dire continued without any further objection by appellant's counsel. Any harm caused by the judge's refusal to put the jury in the jury box upon request was cured by calling a recess and placing the jurors in the boxes along the sides of the courtroom. We find no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 1986.

*Kenneth R. Croy, L. James Weil, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.