## 77137. JONES v. THE STATE.
(374 SE2d 110)

BANKE, Presiding Judge.

The appellant was convicted of robbery. See OCGA § 16-8-40. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends the trial court erred in reserving a ruling on a defense motion to strike a prospective juror for cause. The motion to strike was based on the juror's concession, during voir dire of the panel members as a whole, that she "would very honestly tend to believe the policeman over anyone else." The trial judge reserved ruling on the motion at that time but subsequently disqualified the juror for cause during individual questioning of the panel members.

It has been held that it is not error to overrule a challenge for cause based on a juror's statement that he or she would tend to give greater weight and credibility to the testimony of a police officer. See *Tennon v. State*, 235 Ga. 594 (220 SE2d 914) (1975); *Foster v. State*, 248 Ga. 409 (283 SE2d 873) (1981); *Powers v. State*, 150 Ga. App. 25 (256 SE2d 637) (1979). Thus, it would appear that by striking the prospective juror, the trial court in this case gave the appellant a benefit to which he was not entitled. Under the circumstances, we are at a loss to understand how the court's initial decision to reserve ruling on the motion to strike could be considered reversible error.

2. The appellant contends that the trial judge erred by denying his motion to disclose the identity of a confidential informant. The informant had telephoned the police, asked whether the appellant was wanted for a robbery, and then disclosed that the defendant would be at a certain used car lot in a half hour. The information proved correct and led to the arrest.

In determining whether to require the disclosure of an informant, a court must balance public interest in protecting the flow of information about criminal activity with the right of an accused to prepare his defense. If the informer is a "pure tipster" who has neither participated in nor witnessed the offense, with the result that any evidence he might offer would be inadmissible hearsay, then the state is not required to disclose the informer's identity. *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977) (construing *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956), and *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)); *Gilmore v. State*, 168 Ga. App. 76 (308 SE2d 232) (1983).

There is no suggestion in this case that the informant participated in or witnessed the offense, nor that he was otherwise in possession of any information material to the issue of the appellant's guilt or innocence. The informant simply disclosed to police that the appellant would be present at a certain location at a certain time. Under these circumstances, the appellant's motion for disclosure of the iden-

tity of the informant was properly denied.

3. The appellant contends that the trial court erred in allowing a police detective to state what a particular witness had told him. The testimony in question was offered for the purpose of explaining the detective's conduct with reference to the investigation. See generally OCGA § 24-3-2; *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). The witness himself testified immediately after the detective, thereby exposing himself to cross-examination and "removing any hearsay taint." *Gibbs v. State*, 168 Ga. App. 417, 419 (309 SE2d 412) (1983). Consequently, this enumeration of error is also without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1988 —
REHEARING DENIED OCTOBER 6, 1988 ▮▮▮▮▮▮▮▮

*Susan E. Teaster*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys*, for appellee.