77477. IN THE INTEREST OF J. G.
(374 SE2d 796)

DEEN, Presiding Judge.

In this appeal from the juvenile court's adjudication that the appellant had committed the delinquent act of peeping Tom, OCGA § 16-11-61, the sole enumeration of error concerns the sufficiency of the evidence.

On April 30, 1988, the appellant and a friend were driving around and stopped in front of the residence of a female high school classmate. Shortly after midnight, the classmate's older brother heard whispering and giggling outside his bedroom window. When he looked out the window, he saw two boys running towards a pick-up truck parked in front of the house. He ran outside to the truck, in which he found the appellant sitting with the doors locked. The appellant's friend was hiding behind a nearby house. The police were summoned, and the appellant and his friend were charged with a violation of OCGA § 16-11-61.

The appellant's friend testified at the hearing and explained that he and the appellant had merely wanted to get their classmate to

come to the window so that they could talk with her. He admitted that both he and the appellant looked through the window.

Under OCGA § 16-11-61 (b), "the term 'peeping Tom' means a person who peeps through windows or doors, or other like places, on or about the premises of another for the purpose of spying upon or invading the privacy of the persons spied upon and the doing of any other acts of a similar nature which invade the privacy of such persons." The appellant contends that the evidence failed to show his specific intent to spy upon or invade the privacy of those persons spied upon. However, countering the appellant's explanation of his innocent intention of conversing with his classmate was the evidence of his conduct, i.e., laughing or giggling outside the window where he looked into the house, fleeing to the vehicle, and trying to crank the truck when confronted by the person actually spied upon. This evidence excluded all reasonable hypotheses save that of guilt, OCGA § 24-4-6, and, viewed in the light most favorable to the adjudication, authorized the finding beyond a reasonable doubt that the appellant had violated the peeping Tom statute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 18, 1988.

*Jeffrey G. Gilley*, for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.