A89A1793. IN THE INTEREST OF A. B., a child.

(388 SE2d 750)

McMURRAY, Presiding Judge.

A. B., a 16-year-old child, was found to be in a state of "delinquency and in need of treatment [and] rehabilitation" in that on February 17, 1989, he "committed the act(s) alleged . . . to wit CARRYING CONCEALED WEAPON (16-11-126) [and] CARRYING PISTOL WITHOUT LICENSE (16-11-128)." A. B. now appeals and asserts the general grounds in his sole enumeration. *Held*:

A. B. challenges the credibility of the State's witness and argues that there was insufficient evidence offered at his adjudicatory hearing to sustain a finding that he was "carrying a concealed weapon . . . about his person. . . ." OCGA § 16-11-126 (a).

" 'The credibility of a witness is a matter for the trier of fact, and this court will not disturb the [fact-finder's] finding unless it is insupportable as a matter of law. (Cit.) . . .' *May v. State*, 179 Ga. App. 736 (1) (348 SE2d 61) (1986)." *Burroughs v. State*, 186 Ga. App. 40, 41 (1) (366 SE2d 378). In the case sub judice, W. L., a high school student, testified that during the morning of February 17, 1989, A. B. approached him in the school cafeteria and attempted to sell him a pistol. W. L. further testified that he followed A. B. to a student's locker; that A. B. produced a pistol from the locker; that A. B. concealed the weapon with his hand and close to his body; and that A. B. then passed the pistol to W. L. for inspection. W. L. explained that he returned the gun to A. B. and walked away, but that A. B. approached him from behind and "put [the pistol] down inside [W. L.'s] coat pocket [and] took off." W. L. also testified that A. B. had another "gun" with him as he observed A. B. carrying a "snub nose . . . 38 or 37 [pistol in] the back of his pants" during the morning of February 17, 1989. This evidence, when viewed in the light most favorable to the adjudication, authorized the finding beyond a reasonable doubt that A. B. committed the delinquent act of carrying a concealed weapon about his person in violation of OCGA § 16-11-126 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In the Interest of J. G.*, 188 Ga. App. 856, 857 (374 SE2d 796). Further, evidence showing that A. B. was carrying a weapon and that he was under 21 years of age authorized the finding, beyond a reasonable doubt, that A. B. committed the delinquent act of carrying a pistol without a license in violation of OCGA § 16-11-128 (a). *Jackson v. Virginia*, supra. See OCGA § 16-11-129 (b) (1).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1989.

*W. Donald Kelly*, for appellant.

*John M. Ott, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.