A90A1583. COBBLE v. THE STATE.
(404 SE2d 134)

McMURRAY, Presiding Judge.

Defendant Cobble was charged with the offenses of aggravated assault (with intent to commit murder), aggravated assault (with a deadly weapon), burglary, and aggravated battery. The jury returned a verdict of guilty as to all charges and defendant was sentenced. Subsequently, the trial court determined that the two counts of aggravated assault were based on the same facts and thus merged, whereupon the judgment and sentence for the offense of aggravated assault (with a deadly weapon) was vacated and set aside. Defendant appeals his conviction of the remaining three offenses. *Held:*

1. During the pendency of the charges against defendant, he filed an action in United States District Court against his appointed attorney, a DeKalb County public defender, alleging that he had been provided inadequate assistance of counsel. Before trial, defendant made the trial court aware of his United States District Court action against his attorney, related that for a period of time he had refused to discuss the case with the public defender, and asserted his claim of ineffective assistance of counsel.

In open court, the trial court inquired of defendant's attorney concerning defendant's allegations of inadequate preparation for trial and after considering the attorney's response determined that defendant was "in very good hands from a legal standpoint. . . ." The trial court directed the public defender to continue to represent defendant.

Upon the call of the case for trial, defendant protested his continued representation by the appointed attorney and elected to proceed pro se. The attorney, formerly appointed to represent defendant, was instructed to remain at the defense table and available to render advice as requested.

Defendant's first enumeration of error complains of the trial court's refusal to appoint to represent him, another attorney with whom he had no "conflict of interest." Defendant's action in federal court against the public defender was dismissed prior to the trial of the case sub judice. Even had the federal action remained pending, we fail to see how that action would result in a division of the attorney's loyalty so as to adversely affect the defense of the criminal case sub judice. In other words, the attorney could not have adversely affected his own interest in the federal litigation by providing defendant with capable, competent and enthusiastic representation in the case sub judice.

An indigent defendant does not have the right to change or refuse his court-appointed counsel. *Gibbs v. State*, 168 Ga. App. 417, 419 (2) (309 SE2d 412). Defendant's choice to waive the right of representation by counsel was made after he was made aware of his right to counsel and the dangers of proceeding without counsel. Even so, defendant was provided with the assistance of an attorney during trial. We find no error. *Williams v. State*, 192 Ga. App. 317 (2) (384 SE2d 877).

2. Defendant's second, third, and fourth enumerations of error complain of comments before the jury by the assistant district attorney or the trial court which allegedly placed defendant's character in issue or denied defendant his Fifth Amendment protection against self-incrimination. None of these issues was raised in the trial court, but are raised for the first time on appeal. Under these circumstances, these issues are not preserved for appeal, but are waived. *Newton v. State*, 259 Ga. 853, 854 (5, 6) (388 SE2d 698).

3. Defendant's final enumeration of error complains of the trial court's failure to instruct the jury on the lesser included offense of reckless conduct. Although the trial court announced its intention to charge on this offense, the court did not.

Insofar as defendant's complaint is that he was misled as to the content of the charge, his remedy was to request an opportunity to reargue. No such request was made, thus this issue was waived. *Fair v. State*, 172 Ga. App. 49 (1), 50 (321 SE2d 790); *Daniels v. State*, 137 Ga. App. 371, 373 (4) (224 SE2d 60). This is not a case involving such a total failure to comply with OCGA § 5-5-24 (b) as would require a reversal. *Thomas v. State*, 168 Ga. App. 587, 589 (4) (309 SE2d 881). Compare *Evans v. State*, 146 Ga. App. 480 (1), 482 (246 SE2d 482).

Insofar as defendant's complaint is directed to a failure of the trial court to give a charge on a lesser included offense, no error is shown since defendant did not make a proper request to charge on the offense of reckless conduct. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354); *Young v. State*, 191 Ga. App. 651, 654 (4) (382 SE2d 642). This enumeration of error is without merit.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 26, 1991 —
REHEARING DENIED MARCH 12, 1991 — 

Robert G. Morton, for appellant.
Robert E. Wilson, District Attorney, Desiree L. Sutton, Thomas S. Clegg, Assistant District Attorneys, for appellee.