## A96A2402. MATHIS v. THE STATE.
### (481 SE2d 256)

RUFFIN, Judge.

Lee Gordon Mathis appeals his convictions for aggravated assault and armed robbery. We affirm.

Construed in a light most favorable to support the verdict, the record shows the following. Megal Tuggle, his young son, and a friend, Marvin Benton, were vacuuming Tuggle's girl friend's car at a car wash when a man approached Tuggle from behind, put a gun in his side and demanded money and the car keys. Tuggle saw a second man with a gun in Benton's face. The men pulled Tuggle's son out of the car, ordered both men away from the car and drove the vehicle away.

Benton confirmed he was with Tuggle on the day of the robbery, that he felt and saw a gun placed against his leg and that the gunman demanded money. According to Benton, the second gunman aimed the gun at his face, repeated the demand for money and squeezed the trigger. However, the gun did not fire. Benton identified State's Exhibit 2 as looking like the gun held by the second gunman.

After the two gunmen took the car, Tuggle immediately called 911, giving the police a description of the vehicle and its occupants. Both Tuggle and Benton described the second gunman's long, distinctive hair, and a photograph showing Mathis' bushy hair at the time of his arrest was admitted at trial. Tuggle identified the first gunman from a photographic lineup and made an in-court identification of Mathis as the second gunman. While Benton could not positively identify the second gunman, he stated in court that Mathis looked "sort of similar" to the second gunman.

Investigator Phillip Bradford testified he overheard a radio dispatch regarding a motor vehicle theft, spotted a car matching the description of the stolen vehicle and began pursuit in his unmarked vehicle. Marked patrol units joined him in a chase, which ended when the driver of the stolen vehicle lost control of the car. Bradford testified that no one entered or exited the vehicle from the time he spotted it until it stopped.

The driver of the stolen vehicle, Arthur James Cummings, jumped out with a handgun and began to run. He and the passenger, who was identified by Bradford as Mathis, were arrested. After Mathis was removed from the vehicle, Bradford discovered a pistol

pushed down, but still visible, between the seat cushions where Mathis had been sitting. Tuggle and Benton testified there was no gun in the car prior to the robbery.

Cummings, who entered a guilty plea regarding the armed robbery, testified he had known Mathis for several years. According to Cummings, he approached the driver's side of the stolen vehicle as Mathis approached the passenger's side. He stated he only brought one gun to the robbery, denied ownership of the gun found where Mathis had been sitting in the stolen vehicle and testified he did not know whether Mathis had a gun. Cummings testified that from the time he stole the car until it spun out of control, he never stopped to let anyone into or out of the vehicle, and that Mathis and he were the only participants in the armed robbery. Contrary to Mathis' testimony, Cummings specifically denied that his "cousin" was in any way involved or present during the robbery.

Mathis claimed to be at a liquor store when Cummings and his "cousin" drove up in the stolen vehicle. He testified that he got into the vehicle and the "cousin" got out of the vehicle. He stated the "cousin" had lighter skin than he did. While Mathis claimed he told a police officer about the "cousin," the police denied that Mathis made any such statement.

1. We find no merit in Mathis' contention that no rational trier of fact could have found him guilty beyond a reasonable doubt of armed robbery and aggravated assault. Although there was conflicting evidence presented by Mathis regarding his involvement in the robbery, " '(i)t is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses. (Cits.)' [Cit.]" *Vick v. State*, 211 Ga. App. 735, 736 (1) (440 SE2d 508) (1994). The foregoing evidence, construed in a light most favorable to support the verdict, was sufficient to authorize a rational trier of fact to find Mathis guilty beyond a reasonable doubt of the offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mathis also contends the trial court erred in denying his request for a new trial based on ineffective assistance of counsel. Mathis argues his counsel was ineffective in his cross-examination of both Tuggle and Benton. After a hearing during which trial counsel testified, the court determined that trial counsel was effective. After examining the record, we agree.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Mathis] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless [Mathis] makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that ren-

ders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Additionally, the trial court's determination that Mathis was not denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894) (1995). Mathis "must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" Id.

Mathis first argues that trial counsel should have used Tuggle's preliminary hearing testimony to impeach him during cross-examination at trial. However, Mathis fails to cite any passage in the preliminary hearing transcript to support this claim. Furthermore, the trial court, in its order denying Mathis' amended motion for new trial, specifically held that the preliminary hearing transcript contained no such impeaching material and that Tuggle's in-court identification was consistent with his prior testimony at the preliminary hearing. In addition, contrary to Mathis' contention, his trial counsel did attempt to challenge the reliability of Tuggle's in-court identification by pointing out that Tuggle's main concern at the time of the robbery was with the gunman on his side of the vehicle, not the gunman on the passenger side. We find that Mathis has failed to show that trial counsel was deficient in his cross-examination of Tuggle.

Mathis further argues that trial counsel mishandled the cross-examination of Benton by asking him if he could identify Mathis as his attacker (resulting in Benton's tentative response that Mathis looked "sort of similar") when the State had not previously sought to elicit such an identification. Trial counsel, however, questioned Benton further, and it became clear that Benton was not sure in his identification. Since Benton never positively identified Mathis as participating in the crimes, Mathis has failed to show how he was prejudiced by trial counsel's questioning.

Furthermore, " '[t]he decisions on (what) witnesses to call, whether and how to conduct cross-examinations . . . and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' [Cit.]" *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360) (1993). "While other counsel, had they represented [Mathis], may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which [Mathis] and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel." (Citations and punctuation omitted.) Id. at 4-5. Accordingly, the trial court did not err by denying Mathis' claim of ineffective assistance of counsel.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 6, 1997.

*Hartley & Puls, Alton G. Hartley,* for appellant.
*Alan A. Cook, District Attorney,* for appellee.