## A99A1537. SMITH v. THE STATE.
(520 SE2d 13)

JOHNSON, Chief Judge.

A jury found Donald Smith guilty of being a "peeping Tom." OCGA § 16-11-61. His motion for new trial was denied by the trial court, and this appeal followed. We affirm.

1. Smith contends the evidence was insufficient to support the jury's verdict. We disagree. The term "peeping Tom" is defined as "a person who peeps through windows or doors . . . for the purpose of spying upon or invading the privacy of the persons spied upon and the doing of any other acts of a similar nature which invade the privacy of such persons." OCGA § 16-11-61 (b).

In the present case, the record shows that an officer was dispatched to an apartment complex due to a "suspicious person call." After the officer arrived at the complex and began his search for the suspicious person, he observed Smith standing approximately three inches from a patio window to an apartment, looking in. Smith was startled and turned to walk away from the officer. The officer spoke with the occupants of the apartment, and neither knew Smith or knew of any reason he would have stared into their window.

Similar transaction evidence was also presented at trial to prove Smith's intent, motive, course of conduct and state of mind. This evidence included Smith's guilty plea to two counts of peeping Tom and testimony from two witnesses which proved that Smith had committed the two prior peeping Tom offenses.

Smith asserts that conflicts in the testimony of the officer and the individual who phoned the officer, specifically conflicts regarding where Smith was standing on the patio and whether he was facing the patio window, render the evidence insufficient to support the jury's verdict. However, it is well settled that it is the jury's function, not the appellate court's, to resolve conflicts in the testimony and determine the credibility of the witnesses. *Mathis v. State,* 224 Ga. App. 521, 522 (1) (481 SE2d 256) (1997).

Smith further contends that the state failed to prove his specific intent to spy upon or invade the privacy of another person. However, the record shows that Smith was caught standing in a secluded, dark patio, looking into the lighted window of an apartment of two individuals with whom he had no business. When he saw the officer, he attempted to leave the scene. Further, the state presented evidence of prior peeping Tom convictions to prove his intent. Given the fact that Smith did not present any evidence to show any other intent, the jury was authorized to infer Smith's intent when he looked in the window. See *In the Interest of J. G.,* 188 Ga. App. 856, 857 (374 SE2d 796) (1988).

Construed in a light most favorable to support the jury's verdict,

the evidence was sufficient to authorize a rational trier of fact to find Smith guilty beyond a reasonable doubt of peeping Tom. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mathis*, supra; *In the Interest of J. G.*, supra; OCGA § 16-11-61.

2. Smith's contention that he was denied effective assistance of counsel lacks merit. To establish ineffective assistance of counsel, a defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict absent the trial counsel's error. *McClarity v. State*, 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998).

The record shows that during cross-examination of the officer, Smith's trial counsel asked the officer where he had seen Smith before, purportedly to establish that Smith regularly walks through the neighborhood. However, the officer responded that he had seen Smith "[w]hen he got locked up for an entering auto." Trial counsel immediately moved for a mistrial, stating that it was not his understanding that such a response would be given. The trial court denied the motion, but instructed the jury to disregard·the testimony. The jurors unanimously indicated that they could follow the trial court's instruction.

Smith contends his trial counsel inadequately prepared for trial. However, trial counsel did not testify at the hearing on Smith's motion for new trial, nor was he subpoenaed to appear. Absent an affirmative showing that trial counsel's purported deficiency was indicative of ineffectiveness, Smith has not met his burden of overcoming the strong presumption that trial counsel's conduct fell within the broad range of reasonable professional conduct. *McClarity*, supra at 350-351. It is well established that the burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. Id.; *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991). The trial court's finding that Smith was not denied effective assistance of counsel is not clearly erroneous.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 22, 1999.

*Joel N. Shiver*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.